E. H. & J. A. MEADOWS CO. v. R. M. WHARTON.

(Filed 18 March, 1908).

**Appeal and Error—Contentions of Fact.**

> When the case on appeal to the Supreme Court discloses only a contention upon the facts which have been found by the jury, upon proper evidence and issues, and under correct instructions, there is nothing upon which error can be based.

ACTION tried before *Neal, J.,* and a jury, at March Term, 1907, of CARTERET.

The action was brought to recover money alleged to have been collected by defendant for plaintiff and wrongfully appropriated by the defendant to his own use.

The court, without objection, submitted these issues:

"1. Was it agreed between the parties that defendant, in collecting for plaintiff, should receive from the customers of plaintiff potatoes, which could be credited to the amount of such customers and received by plaintiff in cash, as alleged in the answer?" Answer: "Yes."

"2. Did defendant wrongfully and unlawfully convert to his own use the property of plaintiff, as alleged?" Answer: "No."

"3. What damage is plaintiff entitled to recover?"

From the judgment rendered, that the defendant go without day, the plaintiff appealed.

*W. W. Clark* and *W. D. McIver* for plaintiff.
*D. L. Ward, Moore & Dunn* and *Simmons, Ward & Allen* for defendant.

BROWN, J.    A careful examination of the record in this case confirms us in the opinion that the learned counsel for the defendant are not far from correct in asserting that the matters in controversy in this action are exclusively those of fact, and that they have been decided by the jury adversely to the plaintiff.    We find no real question of law presented upon this record, which may account for the fact that there is no citation of legal authority whatever in the briefs or arguments of counsel for either party to the action.    The plaintiff is a corporation, engaged in the manufacture and sale of fertilizers, barrels, etc., in the city of New Bern.    E. H. Meadows is president and J. A. Meadows secretary and general manager.    The defendant was employed by plaintiff as its agent in the sale of its products and also in collecting the debts due by purchasers for the same.    The plaintiff alleges that the defendant received for the use of plaintiff the sum of $1,750 and wrongfully appropriated it to his own use, which is denied by defendant.    The defendant admits that he was acting as agent in the sale of plaintiff's products, and also in collecting the bills therefor, but he avers and offers evidence tending to prove that the plaintiff was also engaged in buying potatoes for the market and operating in them in connection with one J. M. Howard; that he received payment for the bills for fertilizers, etc., which he is charged with misappropriating, in potatoes, and he gives a list of many customers of plaintiff who, he states, paid him their debts with potatoes.    The defendant also testifies that he was directed by the general manager of plaintiff, J. A. Meadows, not only to take potatoes in payment for debts, but also to buy potatoes and to draw on

the National Bank of New Bern in payment for them, and that money would be there to meet the drafts; that, in pursuance of such directions, he received payments in potatoes and also drew as directed, and his drafts were promptly paid. Defendant further testifies: "J. A. Meadows told me to go and see Jim Howard and ship all the potatoes to him. I did that, at J. A. Meadows' request. J. A. Meadows told me to go home, hustle, buy potatoes, for there was money in them." This evidence was objected to, but properly admitted. The defendant not only testified that he had authority to take potatoes as cash, but also to draw on plaintiff for all needed money to buy them with, and that he did receive the potatoes and shipped them as directed, and that he spent over $8,000 for potatoes that year.

The plaintiff offered evidence tending to prove that the defendant had no authority to buy potatoes or to receive potatoes in payment of fertilizer debts, and tending strongly to contradict the evidence of the defendant. The issues present distinctly the controversy between the parties. We find no error in the reception or rejection of evidence and no error in the charge of his Honor which will warrant us in directing another trial. The matters in controversy appear to be purely those of fact, and to have been fairly presented to the jury, who have settled them adversely to plaintiff.

No Error.