IN RE INHERITANCE TAX, W. P. BAUGHAM'S ESTATE.

(Filed 11 October, 1916.)

**1. Taxation—Inheritance Tax—Wills—Widow—Support of Children.**

A bequest of an annuity from the increase and profits of testator's estate to the wife during widowhood, to be paid at her request, not exceeding $5,000, for her own use and the support and education of the minor children of the marriage, gives such children a vested right and interest in the funds, the amount of which is to be determined by the widow upon a consideration of what will be required for their support and education.

**2. Same—Interest Ascertained—Courts.**

Where an annuity not exceeding $5,000 is bequeathed to a widow and the maintenance and education of the children of the marriage, to be used by her in accordance with her judgment, the portion of the annuity for her own use is not subject to the tax under our inheritance tax laws, chapter 438, section 6 (5), Laws 1909; but the part for the use of the children is presently subject to such tax in accordance with section 6 thereof, and the courts will adjudge what is a fair and reasonable allowance for the children in accordance with the terms of the will, and so tax the same that no part thereof shall be laid upon that part bequeathed to the widow, under the method set out in the opinion in this case.

**3. Same—Trusts.**

The fact that a testator has bequeathed to his widow the discretionary control of an interest in his estate for the use and benefit of the children of the marriage cannot affect the imposition of the inheritance tax upon such interest. Chapter 438, section 6, Laws 1909.

**4. Same—During Widowhood—Interpretation.**

A bequest of an annuity to the widow of the testator and the testator's children during her widowhood is construed, for the purpose of valuing the children's interest subject to the inheritance tax, as for her life, and this should be ascertained and determined in accordance with the expectancy fixed by the life tables and other competent evidence thereof as permitted in such instances. *S. v. Bridgers,* 161 N. C., 246, cited and distinguished.

**5. Appeal and Error—Findings—Inheritance Tax—Valuation of Property.**

Findings of fact in the Superior Court will not be disturbed on appeal when there is evidence to sustain them; and the finding in this case that the widow will require for herself and children the full annuity of $5,000, which is given by her husband's will in a sum not to exceed that amount, is determinative of the question on appeal.

CIVIL ACTION heard by *Allen, J.,* upon a waiver of trial by jury, at May Term, 1916, of BEAUFORT.

W. P. Baugham died in Washington, N. C., on 8 February, 1910, leaving a large estate and a will by which it was devised and be-

queathed to his widow, Mary A. Baugham, and his children as therein set forth. The inheritance tax appraiser for Beaufort County, on 24 January, 1916, appraised the estate at $145,302, and, deducting the exemptions allowed by law and the value of an annuity to the widow, he found that the clear balance subject to the inheritance tax was $102,052, and the tax thereon $765.39. In estimating the value of the annuity to the widow he made the sum of $2,500 per annum the basis of his computation. The appraiser made his report to the clerk of the Superior Court, and exceptions were filed thereto by the executrix and other parties interested in the estate, and the exceptions were heard by the court, and a reappraisement made, as will hereinafter appear upon facts found by the court.

W. P. Baugham left a widow and six children, five of whom were minors, being respectively 16, 14, 12, 8, and 5 years of age. He gave his property, both real and personal, to his children, subject to an annuity created for the benefit of his widow in the following terms: "I hereby direct an annuity be paid to my beloved wife, Mary A. Baugham, of whatever amount that she may require for her own use and maintenance and such of the children as she has in her care; and such of the amount as she uses to raise and educate the younger ones shall not be a charge against such minor child. I want my dear wife to have ample to live on and rear and educate our children, let it be $3,000 or $5,000 a year. I know she will only use what she needs, the same to be paid her as she may require it; this to remain in force during her widowhood, the same to be paid out of the increase of my estate—such as interest, dividends, rents, etc."

In regard to the value of the annuity, the court found the following facts: "At the time of the death of the said W. P. Baugham the said widow, Mary A. Baugham, was 41 years of age; that she was then and is now in good health, and there is no reason known why she should not live to the full expectancy contemplated by law. It is further found as facts that at the time of his death W. P. Baugham was survived by five minor children, with ages respectively of 16, 14, 12, 8, and 5; that the reasonable and proper expenses for the support of the said Mary A. Baugham has been from the time of the death of W. P. Baugham $5,000 per year; that the said Mary A. Baugham has not remarried; that under the provisions of the will of W. P. Baugham there is to be, and has been since the death of W. P. Baugham, paid an annuity of $5,000 per year, which said annuity is created by the said will and the payment of same a lien and charge upon all of the property and estate of said W. P. Baugham, passing by his will and which is appraised; that the cash value of the said annuity at the time of the death of the said W. P. Baugham was $66,500."

It was thereupon adjudged that there should be deducted from the total value of the estate the said sum of $66,500, which was based upon an annuity of $5,000, and the tax assessed and collected on the balance; whereupon the State Tax Commission appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert and Daniel & Warren for Tax Commission.*
*Harry McMullan for appellees.*

WALKER, J., after stating the facts: It is conceded that the case is governed by Laws 1909, ch. 438, sec. 6 (5), by which the husband and wife are exempted from the payment of an inheritance tax, and this provision of the law is what has raised the question presented in this case, as to how the annuity left in the will to the testator's widow for the joint benefit of herself and children should be valued in order to ascertain the clear value of that which is subject to the inheritance tax.

The testator, W. P. Baugham, evidently intended that his widow should be supported, and his children should be supported and educated, out of the annuity given to the widow in the fourth clause of his will. It was not his purpose that the widow should take all of it, even if necessary for her annual support; but he set apart a sum not to exceed $5,000 annually for the benefit of both widow and children, to be administered by his widow and to be expended according to her best judgment and discretion. The children, therefore, have a vested right and interest in the fund, the value of which is dependent to some extent upon the volition of the widow in making provision for their maintenance and education; but notwithstanding this fact, the children still have an interest in the annuity, the amount of which only is to be determined by the widow upon a consideration of what will be required for their support and education. That the children have a vested interest in the annuity we think was held in *Young v. Young*, 68 N. C., 309, 314, where a substantially similar trust was created by the will under construction there. The devise and bequest was in these words: "To my beloved wife I give all my estate, personal and mixed, to be managed by her (and that she may be enabled the better to control and manage our children), to be disposed of by her to them in that manner she may think best for their good and her own happiness." With reference to this clause of the will and its proper construction, the Court (by *Reade, J.*), said: "Our conclusion is that the gift is to the wife in trust, not for herself, and not for the children, but for both, to be managed at her discretion for the benefit of herself and children. That the trust is coupled with the power to dispose of the property among the children, discriminating at her own discretion as to time, quantity, and

person. The *trust* is that it shall be managed and disposed of for the family. The *power* is that she may discriminate as aforesaid. It is a vested interest in the children, subject to be divested by the exercise of the power as aforesaid. And, upon failure to exercise the power, or upon its partial exercise only, in the disposition of the property, so much as remains undisposed of at the death of the mother will go to the children as tenants in common."

The children of a testator or intestate are not exempt by the law from the inheritance tax, but they are required to pay 75 cents for each and every $100 of the clear value of their interest in the property, and that is the rate at which the balance of the estate, after deducting the value of the annuity, has been taxed. Laws 1909, ch. 438, sec. 6. The interest acquired by the children, whether by gift, under a will, or by inheritance, is taxable, and it does not escape taxation by reason of the fact that the testator has placed the interest given to the child in his estate under the discretionary control and disposition of its mother or any other person. If this were otherwise, any owner of property could so dispose of it by will as to avoid all inheritance tax imposed by the law, by simply creating a trust similar to the one in this will. There should be a reasonable construction of the statute, with a view of executing its provisions according to the true intention of the Legislature, and it was the purpose that there should not be any evasion of the inheritance tax by the intervention of a trust, but that the property should be taxed the same as if it had been given directly to the child. It is the gratuitous or unearned benefit derived from the inheritance that is made to bear its proper burden of taxation and thereby contribute its just share to the public revenues, and the law is not particular as to how the property comes to the beneficiary. Whether the property given to a minor child for its support and education should be taxed is a question of public policy for the Legislature to determine. We must take the law as we find it and so interpret it as to further the purpose of its enactment.

We think the widow's share of the annuity which is exempt from the tax was properly valued as a life interest, instead of an interest during widowhood simply. Any one who would contract for the purchase of the remainder of the estate left to the children would, in estimating the encumbrance upon it, consider the longest term during which it could endure, and not merely the chance of its terminating sooner by the remarriage of the widow; and if we should regard it as an estate during widowhood there would be no known way of estimating its value now, nor until the death or remarriage of the widow. as when a woman, widow or not, will marry, is such an unknown quantity in the science of mathematics that it defies all calculation. The object of the

law is to collect the tax at once, or within a reasonable time after the death of the decedent (Laws 1909, ch. 438, sec. 8.) ; and if payment is delayed more than two years it will bear 6 per cent interest, and the executor or administrator is required to deduct the tax before paying any legacy or share in the distribution of the estate.

Section 9. An estate during widowhood has always been classed as an estate for life, because it may last for that full period, though determinable, of course, upon remarriage. It is an estate of freehold. Coke's Litt., 42a; Cruise's Digest, 115; 4 Kent, 26; 2 Blackstone, 121. It was so decided to be in *Gillespie v. Allison,* 115 N. C., 542, and to come within the meaning of Laws 1887, ch. 214, relating to sales for partition as between persons holding life estates and remaindermen.

If the widow marries, the estate will terminate; but if she does not, it will continue during her life, and the wise and prudent purchaser of the remainder would attach more importance to its possible utmost duration than to its earlier ending by mere chance of marriage—an utterly indeterminable event, so much so that the value of the estate based upon that chance cannot possibly be estimated, even approximately, as a life estate can and is by the life tables.

The same argument for treating the estate for widowhood as one of such uncertain duration that its value is not now appraisable will apply to any life estate, which may determine by the chance of death short of the period of expectancy fixed by the life tables. The one contingency is no greater than the other, the only difference between the two being that death is an event which must happen at some time, while the remarriage of a widow may never take place; but this does not destroy the analogy between them as uncertain events.

We therefore affirm the decision below, with this amendment, that the court shall ascertain and adjudge what is a fair and reasonable allowance for the support, maintenance, and education of the children, under the terms of the will, and this amount will be deducted from the present appraised value of the annuity, the remainder thereof to be then taken from the total value of the estate, as already fixed by the court, and upon this final amount the tax shall be assessed and paid by the executor. He is directed to pay the same from the income of the remainder left to the children after deducting the full present value of the annuity (estimated at $5,000), if this is sufficient for the purpose, and if not, from the principal, so as not to interfere with the control and disbursement of the annuity by the widow for her own support and the support and education of her children; but if there is not sufficient for the purposes, any deficiency will be paid out of that part of the annuity allowed for the children to the extent necessary for the purpose. By this method we leave intact the share in the annuity of the widow, and

also her control, so far as possible, of the entire sum of $5,000 annually. As a general rule, each legacy must pay its own tax under the law, when the life tenant and the remainderman are not the same persons, *In re Plum's Estate,* 75 N. Y. Suppl., 940; but in this case the children of the testator take their share of the life annuity and also are the beneficiaries of the residue of the estate.

We understand the finding of fact to be, by a fair construction of the judgment, that the widow will require the full amount of $5,000 annually for the purposes declared in the will, and we will not disturb it or any other finding of fact made by the court, but they will all stand, except as modified herein. Findings of fact, when there is evidence to sustain them, are not reviewable in this Court. *Bailey v. Hopkins,* 152 N. C., 748; *Williamson v. Bitting,* 159 N. C., 321; *Drainage District v. Parks,* 170 N. C., 435. The rule is the same where the judge tries the case without a jury. *Matthews v. Fry,* 143 N. C., 380.

The method indicated for the valuation of the entire interest of the children in the estate, including any amount indirectly given in the annuity, will save the full tax to the State and, at the same time, leave the annuity under the discretionary management of the widow, thereby effectuating the intention and will of the testator. The general result is that the value of the children's interest in the annuity must be ascertained in order that it may be taxed under the statute, but said value will not be deducted from the amount of the annuity, nor will the tax thereon, if it can be paid out of the balance of the estate, all of which is left to the children, which seems to be the case here. It will make little or no material difference to them in the final outcome whether the tax be paid out of the annuity, so far as they are concerned in it, or the remainder of the estate left to them by the will. The statute does not necessarily require that the tax shall be paid out of the annuity, as a legacy, upon which it is assessed, but simply that it shall be paid before the legacy or the annuity itself is delivered to the legatees. It can just as well be paid out of other property as out of the legacy, though it may be a lien on the legacy and its payment is made a condition precedent to the transfer thereof to the legates. Laws 1909, ch. 438, sec. 9. The value of the interest of the children in the annuity, though somewhat of an indeterminate nature, depending upon how much, under the directions of the will, their mother may expend for their support and education, may yet be estimated with sufficient approximation by a consideration of their ages, the amounts heretofore expended for those purposes, and any other relevant facts or circumstances. Don Passos on Inheritance Tax Law, p. 243, sec. 54. Such valuation is permissible where the amount of the legacy is not fixed, as will appear by Laws 1909, ch. 438, sec. 10.

The obvious intent of the statute is to tax every interest passing by will to persons not exempt, and, within the meaning of the statute, this includes an interest made subject by the will to the appointment of a third person. *Howe v. Howe,* 179 Mass., 546.

Before concluding this opinion, we should state that the reference in *S. v. Bridgers,* 161 N. C., 246, to an estate for widowhood as being one incapable of present valuation, on account of the uncertainty as to the time when it will come to an end, was based upon its supposed liability to taxation under the inheritance tax law, whereas the law governing this case exempts such an estate. The question there mooted was, Could its present valuation be made for the purpose of taxing it? while here the question is, What is the value of the remainder or residue of the estate? which naturally must be determined by assuming that the widow's estate or interest will endure for the full period of her life, as its value in the market would be so estimated by purchasers.

The case is remanded with directions to assess and pay the tax according to method herein stated. The costs of this Court will be taxed against the estate of W. P. Baugham.