This is a motion to set aside a judgment rendered at August Term, 1913, in the above entitled cause.
(369) The following are the facts as found and recited by Judge Adams in the judgment rendered by him:
"This cause was instituted in Surry County, and Judge Lyon rendered a judgment herein the county of Forsyth at the December Term, 1911, purporting to be by consent of the parties. At the October Term, 1913, C. V. S. Boyden entered a motion on notice to set aside this judgment on the ground that it was made without her knowledge and without the consent of either herself or her counsel. This motion was heard at the February Term, 1914, of the Superior Court of Forsyth County, and his Honor, Judge Devin, declined to consider the affidavit and motion on the ground that he was without power to disturb the judgment rendered by Judge Lyon. An appeal was taken to the Supreme Court, and after the opinion of the Supreme Court was rendered in the cause (167 N.C. 320), the motion again came on to be heard before Judge Cline in Surry County at August Term, 1915. At the hearing C. V. S. Boyden signed a paper-writing and acknowledged the *Page 393 
execution of the same before J. A. Jackson, Clerk of the Superior Court of Surry County, which is filed in the cause, to which reference is made, and at the same time Judge Cline rendered a judgment in the cause in Surry County, to which also reference is made. No appeal was taken by C. V. S. Boyden or any other party from the judgment of Judge Cline.
"C. V. S. Boyden now comes in her own proper person and as administratrix of N. A. Boyden and files an affidavit and petition subscribed and verified by her before Ernest Transou, deputy clerk Superior Court of Forsyth County, 17 September 1917, which is filed in the cause, praying this court, sitting in Forsyth County, to set aside the judgment rendered by Judge Cline. C. V. S. Boyden appears in court in person and by her attorneys, Benbow, Hall Benbow, in her personal capacity and in her capacity as administratrix of N. A. Boyden, and requests the court to hear this motion in Forsyth County, and produces a written paper signed by her consenting that the cause be heard in Forsyth County at the May Term, 1917, of the Superior Court, instead of being heard in Surry County. The hearing having been continued by consent, C. V. S. Boyden now requests the court, in person and through her attorneys, to hear the motion in Forsyth County, and expressly states that in her personal capacity and in her representative capacity she consents that the motion be heard here. As stated, C. V. S. Boyden did not appeal from the order of Judge Cline, but filed certain affidavits before Judge Stacy at the October Term, 1916, Superior Court of Surry County, and it seems that the motion was continued from time to time in Surry, and now comes on for hearing in Forsyth County by consent of all parties."
The following judgment was entered by Judge Cline at August (370) Term, 1913:
"This cause coming on to be heard before his Honor, E. B. Cline, judge presiding, and being heard by him, and the defendant, C. V. S. Boyden, being present in open court in her proper person and being also represented by counsel, W. L. Reece, and thereupon the said C. V. S. Boyden having assigned and acknowledged a paper-writing, which said paper-writing is made a part of the record in this cause, whereby the said C. V. Boyden, individually and as said administratrix, withdrew her motion to set aside the judgment rendered in this cause by his Honor, C. C. Lyon, judge presiding at December Term, 1911, of the Superior Court of Forsyth County, and whereby she further agrees and consents that said judgment should be declared valid by this court at this term, and that all other judgments heretofore signed subsequent to said judgment of December, 1911, shall also be declared valid judgments and binding upon all the parties to this action: Now, therefore, it *Page 394 
is ordered and adjudged that the judgment signed by C. C. Lyon, judge presiding, at the December Term, 1911, of Forsyth Superior Court, is a valid judgment and binding upon all the parties hereto, and that the judgment signed by his Honor, C. M. Cooke, judge presiding, at Forsyth Superior Court, and that all judgments and orders made in this cause since the judgment at December, 1911, are hereby declared valid and binding on all the parties in this cause. And it is further ordered that all sales of land heretofore made by commissioners in this cause are hereby ratified and confirmed in all respects."
The Court then further adjudged that E. L. Gaither, Esq., the commissioner, collect the purchase money for the lands theretofore sold by him from S.E. Marshall, the purchaser, and distribute the proceeds as therein directed.
It is further stated that C. V. S. Boyden bases her motion to set aside the judgment upon her denial that she had ever signed any paper-writing, for plaintiff or others, in which she withdrew objection to the judgment rendered by Judge Lyon and the orders and judgments subsequent thereto, or that she had waived all objection to the paper she signed at August Term, 1913 (Exhibit A), which she alleges was obtained by intimidation, coercion, and duress, and which was a waiver only of her right to object to the judgments, because they were rendered, and to the orders, because they were made, in Surry County, all other objections being reserved by her. The following is a copy of the paper so signed by C. V. S. Boyden:
"While this case was being heard before his Honor, E. B. Cline, judge presiding at the August Term, 1915, of Surry Superior Court, upon a motion to set aside the judgment heretofore rendered by his Honor, C. C. Lyon, Judge, and in obedience to the order and direction (371) of the opinion of the Supreme Court rendered in this cause, as reported in 167 N.C. at page 320, when the Court had intimated and stated that it would not set aside the judgment of Judge Lyon
rendered and signed in Forsyth County and any other orders, judgments and decrees thereon, consider the findings and report of the referee, and if the court decided to confirm the report of the referee would direct a sale of all the real estate according to the recommendations of the referee, the defendant C. V. S. Boyden being present in court in her own person and as administratrix of N. A. Boyden, deceased, hereby states in open court, and by her signature hereto directs the record to be entered and made, that she both individually and officially withdraws all and every further objection to the judgment of Judge Lyon of 8 December 1911, and the other orders and judgments subsequent thereto made in this cause, and hereby assents to them as fully in all respects as though they had been made and signed *Page 395 
in Surry County during the sitting of the court, and further consents and hereby agrees in open court that his Honor, Judge Cline, may sign a confirmatory order and judgment approving, affirming, sustaining and validating in all respects all and everything done or directed to be done in the judgments and orders heretofore made as aforesaid, regardless of the date and place at which they were made and signed.
This statement is duly executed by the said C. V. S. Boyden, as witness her signature hereto and acknowledged before the clerk of this court. C. V. S. BOYDEN.
NORTH CAROLINA — Surry County.
I, J. A. Jackson, clerk of the Superior Court of Surry County, do hereby certify that C. V. S. Boyden personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed. Let the instrument, with this certificate, be registered.
Witness my hand and official seal, this 2d September 1915.
J. A. JACKSON.
Judge Adams rendered judgment upon the facts above stated, as follows: "Upon consideration of the record and the affidavits filed on the hearing before me, I find that C. V. S. Boyden signed the paper-writing referred to without intimidation or coercion or duress, and that she signed the same freely and voluntarily. It is, therefore, ordered and adjudged that the motion of C. V. S. Boyden to set aside the judgment rendered by Judge Cline
in the Superior Court of Surry County be and the same is hereby denied, and that plaintiffs recover of C. V. S. Boyden their cost of this action to be taxed by the clerk."
C. V. S. Boyden excepted to this judgment and appealed.
after stating the case: The defendant excepts to the judgment upon the grounds that she was deprived of the benefit of our decision in this case at a former term (167 N.C. 320), and that the presiding judge did not consider the fact that the judgment of August Term, 1913, reversed that decision. We do not perceive how either objection is possibly tenable or has any merits. Judge Adams gave her the full benefit of our former decision, by which she was only entitled to have it ascertained by the Superior Court whether she had in fact assented to the judgment rendered by Judge Lyon. It was alleged that she had waived the objection to Judge Lyon's judgment, which *Page 396 
objection was that she had not consented thereto. Judge Cline investigated this matter after our opinion had been certified down, and found that she had waived all objection to the judgment by withdrawing her motion to set it aside and agreeing expressly that Judge Lyon's judgment rendered in December, 1911, should be declared valid and binding upon her and all other parties, and also the other judgments signed subsequent thereto. That this was done when she was personally present in court and represented by counsel by a paper-writing signed and acknowledged by her, and it was thereupon declared and decreed by the court without any objection, but with her consent, that the judgment signed by Judge Lyon, as well as that afterwards signed by Judge Cooke, and all subsequent judgments rendered and all orders made in this cause should be likewise binding on all the parties. From this judgment no exceptions were taken or appeal entered.
After this was done, C. V. S. Boyden, at October Term, 1916, made this motion before Judge Stacy to set aside the judgment of Judge Cline upon the ground that she did not assent thereto, and that the paper-writing purporting to give her consent to it was obtained by coercion, intimidation and duress. Upon a full and exceedingly fair hearing, Judge Adams has decided this motion against her, after considering all the facts, and we concur with him that both the judgment of Judge Lyon and that of Judge Cline are valid. That she waived all objection to the Lyon judgment, and that there was no duress or undue influence brought to bear upon her in order to secure her consent to the Cline judgment, but the same was freely and voluntarily given without any fear or compulsion. An option or choice between two fair alternative proposals may have been mistaken for coercion, but we do not so regard it. There was no advantage taken of her, but she was left to exercise her judgment and discretion without any dictation, but her own free will and pleasure. She has been treated with perfect (373) fairness and consideration and must abide the result, as she had no ground for relief in law or equity.
As the judge has found the facts, we are bound by his findings, as we have often held, there being evidence which supports them. Matthews v. Fry,143 N.C. 384; Harris v. Smith, 144 N.C. 439; Williamson v. Bitting,159 N.C. 321; Drainage District v. Parks, 170 N.C. 435; In re InheritanceTax, 172 N.C. 170. The question is essentially one of fact, and therefore has been substantially closed by the judge's findings. Meadows v. Wharton,147 N.C. 180; Perry v. Perry, ibid., 367. All of the objections must be overruled.
Affirmed.
Cited: Lumber Company v. Finance Company, 204 N.C. 287. *Page 397