C. D. RAY AND R. M. RAY v. GEORGIA H. POOLE.

(Filed 21 May, 1924.)

Estates — Remainder — Partition Statutes — Contingent Remainders —
Clerk's Jurisdiction—Appeal—Superior Courts.

> A tenant for life may not, directly or indirectly, affect the title of those
> in remainder, whether having a vested or contingent interest in the lands,
> by joining them in their proceedings for a division or sale for that pur-
> pose, brought before the clerk of the court under the provisions of C. S.,
> 3215, and these proceedings so brought cannot be validated by derivative
> jurisdiction in the Superior Court, on appeal, under the provisions of
> C. S., 1744, it being required that the proceedings be originally brought in
> the latter jurisdiction, with certain requirements, for the protection of
> contingent remaindermen, which must be strictly followed; and, though
> under C. S., 3234, 3235, a sale is provided when the land is affected with
> contingent interest in remainder, not presently determinable, the proceed-
> ings are therein required to be brought upon petition of such remainder-
> men, and not upon that of the life tenants.

APPEAL by plaintiffs from *Harding, J.,* at April Term, 1924, of
GRANVILLE.

The defendant contracted to convey to the plaintiffs a certain lot in
Oxford at the purchase price of $2,900. Subsequently the plaintiffs
declined to take the deed tendered, alleging that defendant could not
convey a good and sufficient title.

On 7 September, 1908, H. C. Herndon conveyed to the defendant,
Georgia H. Poole, certain parcels of land in Oxford, among which was
included the land in controversy. The deed specified that the convey-
ance was to "Georgia H. Poole for her lifetime and at her death to her
children, in equal shares"; and the *habendum* clause recited: "Her
interest to each of these properties is during her lifetime and after her
death to her children, in equal shares." At the date of said deed she
had two children—one named Bettie and the other John—both minors,
without guardian. They were and are the only children of Georgia H.
Poole, who is now 54 years of age.

On 28 March, 1911, she conveyed to John R. Young, her brother, a
one-half undivided interest in the life estate conveyed to her by Herndon,
as aforesaid. On 22 April, 1911, John R. Young instituted before the
clerk of the court of Granville a special proceeding against Georgia H.
Poole, Bettie Poole, and John H. Poole for partition by sale of the lands
described in the aforesaid deed. A guardian *ad litem* for said infants
was appointed, who filed an answer, admitting the material allegations
in the petition for sale for partition. On 12 May, 1911, an order of
sale, in accordance with the petition, was made, a commissioner ap-
pointed, and sale made, after due advertisement, at which John R.

Young became the purchaser of said land, for himself and sister, for the sum of $5,400. The sale was duly confirmed by the court, and a deed executed by the commissioner to John R. Young and Georgia H. Poole on 3 July, 1911. On 15 July, 1911, letters of guardianship upon the estates of Bettie and John H. Poole, infants, were granted to John R. Young, their uncle.

On 3 February, 1912, Georgia H. Poole conveyed her one-half interest in the land to her brother, John R. Young, and on 26 March, 1915, he reconveyed to said Georgia H. Poole all his right, title and interest in said property by deed, duly recorded.

In 1922 the said Georgia H. Poole contracted, in writing, to convey to the plaintiffs the lot in question, duly described in said contract, for the sum of $2,900, and later tendered them a deed in fee simple on 23 November, 1923, with full covenants of warranty, which they refused to accept, upon the ground that the defendant was unable to convey a good title to the same.

The controversy was thereupon submitted to the Superior Court upon a case agreed, who adjudged that the defendant, Georgia H. Poole, had a good and sufficient title in fee to said lot, and had a good right to convey the same, and should recover the sum of $2,900 therefor. Appeal by plaintiffs.

*Parham & Lassiter for plaintiffs.*
*A. W. Graham & Son for defendant.*

CLARK, C. J. The defendant contends that the remainder to the children of Georgia H. Poole under the deed from H. C. Herndon was a vested remainder, and that a life tenant can maintain a partition proceeding against the remainderman; and, further, if the court should be of the opinion that the remainder to the children was contingent, then the irregularity in bringing the proceeding before the clerk instead of the judge has been cured by chapter 64, Laws 1923, which was a reenactment of C. S., 1745.

We find no authority in this State to support a proceeding for partition between the life tenant and the remainderman. Georgia H. Poole, as life tenant, could not maintain this proceeding against the infant remaindermen, and a different result cannot be attained by merely splitting the life estate between her and her brother. He was in no stronger position in regard to the remaindermen than she was prior to her conveyance to him.

It would seem manifest that the conveyance by her was made for the purpose of bringing the partition proceedings to sell the interest of the children and vesting the title in the life tenant, free of limitations. The statute (C. S., 3215) provides that one or more persons claiming real

estate as joint tenants or tenants in common may have partition, but is no authority for partition as between the life tenant and the remainder-men, except where the proceeding is brought by the remaindermen and the life tenant is joined. Nor does C. S., 1745, authorize or validate a partition sale at the instance of a life tenant against vested remainder-men, who are not infrequently children.

C. S., 1744, provides: "In all cases where there is a vested interest in real estate, and a contingent remainder over to persons who are not in being, or where the contingency has not yet happened which will determine who the remaindermen are, there may be a sale of the property by a proceeding in the Superior Court at term-time, which proceeding shall be conducted in the manner pointed out in this section."

In this case there was only an ordinary partition proceeding before the clerk of the court. If this were a contingent remainder, there was neither allegation in the petition nor finding of fact by the court that the sale was advantageous to the remaindermen. There was no order for the reinvestment of the interest of the remaindermen, though this would not probably affect the title to the purchaser. All these things are contemplated by the statute and by the court in dealing with the title of remaindermen when they are not determined and who cannot speak for themselves. Conceding that the two children of Georgia H. Poole, who were parties to the proceeding, represent their class, it may be that there will be no children of Georgia H. Poole living at the time of her death. The clerk of the court was not clothed with jurisdiction to decree and confirm a sale in a case like this.

Where the Legislature has by statute prescribed the method by which all the proper parties to a proceeding shall be protected, that method must be followed. It was not contemplated by this statute that the rights of the parties in such case as this should be entrusted to the clerks of the Superior Court in ordinary special proceedings without approval or confirmation by a judge of the Superior Court. C. S., 1744, prescribes the method in which there shall be a sale decreed where there is a contingent remainder and requires a decree for proper investment of the funds of the remaindermen. *Springs v. Scott,* 132 N. C., 549, and the cases thereto cited in the Anno. Ed.

Though we have considered the irregularities, if there had been a contingent remainder in this proceeding there is an insuperable one, even if these requirements of the statute had been complied with. It will be noted that, under C. S., 3234 and 3235, while there is authority for a sale for partition, at the instance of the remaindermen, of the reversion, or by their joining the life tenants, or between tenants in common or joint tenants, there is no statute which authorizes the sale on the application of the life tenant as against the remaindermen.

In 20 R. C. L., 744, it is said, with ample citation of authority: "It is believed to be universally established in the United States, under the different state statutes, that a tenant for life or for years may compel partition between himself and his cotenants, whether the other tenants hold their shares for life or in fee, but unless otherwise provided by statute to the contrary, it is the general rule that a tenant for life is not entitled to maintain partition against reversioners, remaindermen or others having a future conditional interest. Where there is an estate for years in real property held in cotenancy by the parties to the action, and a reversion held by one of them only, the partition must be limited to the estate for years, and though partition cannot be made otherwise than by sale, it cannot include the reversionary interest. Even where the owners of the reversion are by statute proper parties defendant to a partition suit between tenants in common of a life estate, it has been held that the plaintiff can have a partition of the life estate only, and not of the fee belonging to the reversioners." These propositions are supported by ample citations, and are based upon the strongest considerations; for in a partition at the instance of a life tenant against tenants in reversion, the latter would ordinarily fare badly. These decisions, also, as just said, are in accord with our own statute (C. S., 3234 and 3235), which authorize merely the joinder in a petition for partition when brought by life tenants against those in remainder, if it is contingent.

In 30 Cyc., 182, it is said: "It was the rule, both at common law and chancery, that none but estates in possession were subject to compulsory partition. This rule prevails in the United States except where it has been abrogated or modified by statute." And it is further said that actions for partition cannot be sustained where the remainder is sought to be partitioned "except in a few States where the rule has been changed by statute allowing partition among remaindermen and reversionaries subject to the preceding estate in possession. This right, although created by statute in Illinois, cannot be exercised if the interest of the parties cannot be ascertained until after the death of the life tenant."

And it is there pointedly added: "A cotenant of an estate in possession less than in fee, although entitled to partition, cannot by his partition affect an estate in reversion or a remainder unless authorized to do so by statute," citing to that effect among other cases *Simpson v. Wallace*, 83 N. C., 477, and *Williams v. Hassell*, 74 N. C., 434, which last has been cited in many cases since. See Anno. Ed. And while the act of 1887, now C. S., 3234 and 3235, has authorized a sale at the instance of the remaindermen, or between the life tenants, there is, as above said, no authority by which the life tenant can "freeze out" the

children or other tenants in reversion or remainder. *Gillespie v. Allison,* 115 N. C., 542, and *In re Inheritance Tax,* 172 N. C., 174.

The judgment, therefore, under which the property was sold at the instance of Georgia H. Poole was not only irregular in the particulars pointed out but was invalid, being without authority of law as against the tenants in reversion or remainder, and the judgment below is
Reversed.

NOTE.—This opinion was written in accordance with the Court's decision and filed, by order of the Court, after *Chief Justice Clark's* death.