STERLING CHADWICK v. W. B. BLADES AND THE TEXAS COMPANY, A CORPORATION.

(Filed 4 November, 1936.)

1. **Partition A a—**

   Ordinarily, a tenant in common in realty or personalty is entitled to partition of the property. N. C. Code, 3213, 3215, 3253, 3255.

2. **Partition A b—**

   Tenants in common may make a valid agreement, either at the time of the creation of the tenancy or afterwards, whereby the right to partition is modified or limited, provided the waiver of the right to partition is not for an unreasonable length of time.

3. **Same—Tenant held to have limited his remedy to sale of his interest and could not maintain proceedings for partition.**

   The contract between tenants in common of a lease of a filling station provided that if one tenant desired to sell or terminate the joint operation of the filling station he should give the other tenant notice and a right to buy at a stipulated price for a period of fifteen days, and upon failure of the other tenant to purchase within the stipulated time, might sell to a third person. Thereafter, one tenant gave the other notice by letter, under the terms of the lease, and advised that if the right to buy were not exercised within the prescribed period he would sell to a third person. *Held:* Under the terms of the agreement, correctly interpreted by the correspondence, the dissatisfied tenant waived his right to institute proceedings for the sale of the lease for partition, but was limited to his right to sell his one-half interest to any person he chose, there being no unreasonable restriction upon alienation.

APPEAL by plaintiff petitioner Sterling Chadwick from *Frizzelle, J.,* at Chambers, 12 March, 1936. From CRAVEN. Affirmed.

This is a petition instituted by plaintiff against the defendants, and especially against W. B. Blades, before the clerk of the Superior Court of Craven County, N. C., to sell personal property for division. The defendant Blades denied the material allegations of the plaintiff's petition and as a further defense set up a contract between the plaintiff and Blades, dated 28 April, 1932. The material parts to be considered on this controversy are as follows (termed a lease contract between Blades of the first part and Chadwick of the second part):

"The said party of the first part has bargained, sold, and by these presents does bargain, sell, and convey to the said party of the second part a one-half undivided interest in and to that certain lease from J. B. Dawson and wife to W. B. Blades, said lease being recorded 28 April, 1932, in the records of the office of the Register of Deeds of Craven

County, in Book 302, page 447, together with all the rights, benefits, and privileges granted in said lease to the party of the first part by J. B. Dawson and wife, together with a one-half interest in all buildings erected on said property.

"This conveyance is subject, however, to all the conditions, provisions, and restrictions appearing in said lease, and for the purpose of making this instrument more definite, said lease referred to as being the lease from J. B. Dawson and wife to W. B. Blades, recorded in Book 302, page 447, is hereby made a part of this instrument in as full and ample manner as though the same was written herein, and it is the intent and purpose of this instrument to convey a one-half interest in the entire lease hereinbefore referred to. . . .

"It is further understood and agreed and made a part of the consideration of this instrument that should the said party of the second part at any time become dissatisfied or decide to sell or separate himself from the operation of said filling station located on the land hereinbefore referred to, then, and in that event, the said party of the first part shall have the right and privilege of buying the interest held by the party of the second part for the sum of One Thousand Dollars, should he so desire, but should the party of the first part refuse to buy and pay for said interest held by the party of the second part after the party of the second part giving the party of the first part fifteen days' notice of his desire to sell, then in that event, the said party of the second part shall have the privilege of selling or disposing of his interest in said lease hereinbefore referred to, to any other person he may desire."

Defendant Blades admitted he received the following letter:

"Beaufort, N. C.
"August 24, 1933.

"Mr. W. B. Blades,
"New Bern, N. C.

"Dear Mr. Blades: As provided in that certain lease or contract between you and me, dated April 28th, 1932, relative to service station in New Bern, N. C., I desire to sell my one-half interest in the same, and therefore, I am giving you the privilege of buying the same by paying the sum of $1,000 to me as provided under the terms of said lease. In the event that you do not buy the same at this price within the next 15 days, I shall dispose of my interest as it may appear to my best interest. This notice is given as provided for under the terms of the said lease. This notice I am sending by U. S. Postal Registered letter,

and I hope you will let me hear from you at once, or within 15 days after the same is received by you. With best wishes, I am, Yours truly,

STERLING CHADWICK."

Since the filing of the petition, the plaintiff petitioner has died and his administrator and heirs at law were made parties plaintiff and adopted the pleadings filed by Sterling Chadwick. There is no evidence on the record involving The Texas Co.

The clerk signed the judgment dismissing the petition, and plaintiffs excepted, assigned error, and appealed to the Superior Court. The court below rendered the following judgment: "This cause coming on to be heard and being heard before his Honor, J. Paul Frizzelle, resident judge of the Fifth Judicial District, at Chambers, upon the appeal of the petitioner from the judgment of the clerk of the Superior Court of Craven County, heretofore rendered in this cause, dismissing the petition of the petitioner; and it appearing to the court that the petitioner is not entitled to the relief prayed for, and that the judgment of the clerk of the Superior Court heretofore rendered in this cause, should be affirmed: It is hereupon considered, ordered, and adjudged that the judgment heretofore rendered by the clerk of Superior Court of Craven County in this cause be and the same is hereby affirmed, and the said petition be and the same is hereby dismissed, and the costs taxed against the petitioner. This 12 March, 1936. J. Paul Frizzelle, Resident Judge of the Fifth Judicial District."

The plaintiffs excepted to the judgment as signed and appealed to the Supreme Court.

*C. R. Wheatly and W. B. R. Guion for plaintiffs.*
*R. E. Whitehurst for defendants.*

CLARKSON, J. N. C. Code, 1935 (Michie), section 3213, is as follows: *"Partition of Real Property*—Partition is a special proceeding.—Partition under this chapter shall be by special proceeding and the procedure shall be the same in all respects as prescribed by law in special proceedings, except as modified herein."

Section 3215: "One or more persons claiming real estate as joint tenants or tenants in common may have partition by petition to the Superior Court."

Section 3253: *"Partition of Personal Property*—Personal property may be partitioned; commissioners appointed.—When any persons entitled as tenants in common, or joint tenants, of personal property desire to have a division of the same, they, or either of them, may file a petition in the Superior Court for that purpose; and the court, if it think

the petitioners entitled to relief, shall appoint three disinterested commissioners, who, being first duly sworn, shall proceed within twenty days after notice of their appointment to divide such property as nearly equal as possible among the tenants in common, or joint tenants."

Ordinarily, a petition can be filed before the clerk of the Superior Court to partition property either real or personal under the above provisions of the statute. *Barber v. Barber,* 195 N. C., 711. The petition was to sell for division. Section 3255.

In A. & E. Anno. Cases, Vol. 30, p. 402, note, citing a wealth of authorities, we find: "As a general rule it is a matter of right for a tenant in common to have partition. But it is well established that a cotenant may waive his right to partition by an express or implied agreement. . . . Equity will not award partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed on the estate by one through whom he claims. The objection to partition in such cases is in the nature of an estoppel. *Hill v. Reno,* 112 Ill., 154, 54 Am. Rep., 222. Statutes declaring that joint tenants or tenants in common shall have a right to partition were never intended to interfere with contract between such tenants modifying or limiting this otherwise incidental right, or to render it incompetent for parties to make such contracts, either at the time of the creation of the tenancy or afterwards. *Avery v. Payne,* 12 Mich., 540. . . . While the right to partition may be waived it seems that the waiver must be for a reasonable time. A contract among cotenants that neither they nor their heirs or assigns will ever institute proceedings for partition has been held void as an unreasonable restraint on the use and enjoyment of the land."

In the agreement between Chadwick and Blades, when Chadwick purchased the interest, it was clearly stated: "Then, in that event, the said party of the second part shall have the privilege of selling or disposing of his interest in said lease hereinbefore referred to, to any other person he may desire."

In the letter from Chadwick to Blades, he evidently fully realized the meaning of the contract and said: "In the event that you do not buy the same at this price within the next 15 days, I shall dispose of my interest as it may appear to my best interest."

The plaintiff agreed to the provisions of the lease from Dawson to Blades. He knew the kind of business and property he was purchasing —one-half undivided interest—and agreed with Blades that if he (Blades) did not purchase from him the interest in the lease he could dispose of it "to any other person he may desire." The contract is unusual, but so written, no doubt, on account of the nature of the business, and the lease agreement between Dawson and Blades, the provisions of which Chadwick agreed to; but we construe and do not make

contracts. We do not think it is void as restricting alienation. Chadwick could sell to anyone he may desire. In his letter he construed the agreement that his rights after Blades' refusal, was to dispose of his interest "as it may appear to my best interest," to sell under the contract—not partition.

For the reasons given, the judgment of the court below is

Affirmed.