G. A. RICHARDSON AND WIFE, IDA C. RICHARDSON; JESSE B. RICH- ARDSON AND WIFE, DAPHINE G. RICHARDSON, v. MAGDALENE R. BARNES AND HUSBAND, E. H. BARNES; AND SARA E. WARMACK AND HUSBAND, A. J. WARMACK.

(Filed 14 October, 1953.)

**1. Partition § 4a—**

The right to partition is a remedy provided exclusively for tenants in common.

**2. Same—**

Remaindermen may maintain a proceeding for partition, since for the purpose of partition they are by statutory provision deemed seized and possessed of the land as if no life estate existed. G.S. 46-23.

**3. Same—**

Life tenants are not tenants in common with remaindermen, and may not maintain partition proceedings against the tenants in common in the remainder.

**4. Same—**

Life tenants and tenants in common in the remainder instituted this partition proceeding against the other tenants in common in remainder. *Held:* The joinder of the life tenants as petitioners does not invalidate the proceeding, G.S. 46-24, and since the tenants in common in the remainder are entitled to appropriate relief, G.S. 46-23, the dismissal of the petition upon demurrer on the ground that the petitioners are without legal right at law to demand the relief, is error.

**5. Actions § 3c—**

Where a person is exercising a legal right in a lawful manner, the reasons which prompt him to act are, ordinarily, immaterial.

**6. Partition § 4a—**

Where petitioners for partition are entitled to the relief as a matter of law, allegations of respondents as to the reasons which prompted petitioners to act are mere surplusage and may be disregarded.

APPEAL by petitioners from *Burgwyn, Special J.,* April Term 1953, JOHNSTON. Reversed.

Special proceeding for the partition of real property. On 19 November 1937, petitioner G. A. Richardson owned the four tracts of land described in the petition. On that date he and his wife, petitioner Ida C. Richardson, conveyed said land to their three children, petitioner Jesse B. Richardson and respondents Magdalene R. Barnes and Sara E. Richardson (now Warmack), subject to an estate for the lives of the grantors therein reserved.

On 26 January 1953, G. A. Richardson and Ida C. Richardson, life tenants, and Jesse B. Richardson, remainderman, instituted this proceeding against the other two remaindermen, Magdalene R. Barnes and Sara E. Warmack, and their husbands for an actual partition of said land.

The respondents appeared before the clerk of the Superior Court of Johnston County and demurred to the petition for that (1) two of the petitioners are tenants for life and therefore "may not directly or indirectly affect the title of those in remainder by joining them in their proceeding for a division of the lands," and (2) the petition does not state facts sufficient in law to constitute a cause of action.

The clerk sustained the demurrer "for that the parties petitioners are without right at law to demand the relief sought in this proceedings." He thereupon dismissed the proceeding and petitioners appealed to the Superior Court.

When the appeal came on for hearing in the court below, the presiding judge entered judgment affirming the order of the clerk and dismissing the action. Petitioners excepted and appealed.

*F. H. Brooks and Hooks & Britt for petitioner appellants.*
*V. D. Strickland for respondent appellees.*

BARNHILL, J. When two or more persons own land as tenants in common, any one or more of the cotenants may institute a proceeding before the clerk of the Superior Court of the county in which the land is situate for the division of the land to the end the unity of ownership and possession may be severed and the tenants in common may own their respective shares in severalty. It is a remedy provided exclusively for tenants in common, though a person owning an estate for life may join in the proceeding. G.S. 46-24. Therefore, the proceeding, if adversary, must be instituted by a tenant in common against his cotenants.

At common law the proceeding could be maintained only by one in possession. *Gillespie v. Allison,* 115 N.C. 542; *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341. Under our statute, however, for the purpose of partition, remaindermen "shall be deemed seized and possessed as if no life estate existed." G.S. 46-23; *Baggett v. Jackson,* 160 N.C. 26, 76 S.E. 86; *Moore v. Baker,* 222 N.C. 736, 24 S.E. 2d 749; *Bunting v. Cobb,* 234 N.C. 132, 66 S.E. 2d 661.

But a tenant for life and a remainderman are not tenants in common, and the interest of a life tenant may not be affected in a partition proceeding against his will. *Priddy & Co. v. Sanderford, supra.* Hence G. A. Richardson and his wife, acting alone, have no right to institute and prosecute this proceeding. *Ray v. Poole,* 187 N.C. 749, 123 S.E. 5. Moreover, they possess an estate for life in all the land, and there is no way provided for its partition except, perhaps, between the life tenants themselves, which they do not seek. It is apparent the court below had these facts in mind when it entered its judgment.

However this may be, the joinder of the life tenants as petitioners does not invalidate the proceeding. G.S. 46-24; *Priddy & Co. v. Sanderford, supra.* The remainderman petitioner is entitled to partition as a matter of right, G.S. 46-23, *Chadwick v. Blades,* 210 N.C. 609, 188 S.E. 198; *Tayloe v. Carrow,* 156 N.C. 6, 72 S.E. 76; *Trust Co. v. Watkins,* 215 N.C. 292, 1 S.E. 2d 853, unless actual partition cannot be made without

injury to some or all of the parties interested. In that case, he is entitled to sale for partition. G.S. 46-23.

Strike the names of the life tenants from the caption and eliminate all the allegations in the petition pertaining to them, and the reasons why it is deemed necessary by petitioners that said land be partitioned, and we still have a maintainable petition for partition. This, for the reason the petitioner Jesse B. Richardson is a remainderman entitled to partition of the land subject to the outstanding life estate. *Trust Co. v. Watkins, supra.*

When a person is exercising a legal right in a lawful manner, the reasons which prompt him to act are, ordinarily, immaterial. Therefore the allegations in respect to the reasons which prompted the son and his copetitioners to institute this proceeding are mere surplusage and may be disregarded.

Jesse B. Richardson, a cotenant in remainder of the lands described in the petition, is entitled to a compulsory partition of the land. The life tenants have the right to join in the petition. Therefore the judgment entered in the court below is

Reversed.