ROBERT L. DAVIS III AND WIFE, ANNE S. DAVIS, MARGARET DAVIS ALLEN AND HUSBAND, W. A. ALLEN, AND JANIE DAVIS GRIFFIN, UNMARRIED, v. FRANCIS MILLARD GRIFFIN, W. A. ALLEN III, FRANCES MARION ALLEN, AND MARGARET ELISABETH DAVIS, MINORS; THE UNBORN NEXT OF BLOOD KIN OF ROBERT L. DAVIS III, THE UNBORN NEXT OF BLOOD KIN OF MARGARET DAVIS ALLEN, AND THE UNBORN NEXT OF BLOOD KIN OF JANIE DAVIS GRIFFIN; ALL PERSONS NOW IN BEING WHO ARE OR MAY IN ANY CONTINGENCY BECOME INTERESTED AS NEAREST OF BLOOD KIN OF MARGARET DAVIS ALLEN, JANIE DAVIS GRIFFIN, AND ROBERT L. DAVIS III, IN THE TRACTS OR PARCELS OF LAND DESCRIBED IN THE PETITION FILED IN THIS PROCEEDING, AS CONTINGENT REMAINDERMEN, BUT WHO BECAUSE OF THE CONTINGENCY CANNOT BE ASCERTAINED AND ARE NOW UNKNOWN, ALL APPEARING HERE BY THEIR GUARDIAN AD LITEM, SAM B. UNDERWOOD, JR.

(Filed 8 October, 1958.)

**1. Partition § 1a—**

Petitioners, owning undivided interests in fee in several tracts of land and also owning life estates in the balance of the undivided interests

in the same tracts of land, with contingent limitation over to persons not presently determinable, have the right, as against the contingent remaindermen, to partition the several tracts so that petitioners may hold some of the tracts in fee and in common, and thus know the boundaries of the real estate owned by them in fee distinct from the boundaries of that in which they own life estates with contingent remainder over.

**2. Same—**

A tenant in common is entitled as a matter of right to partition real estate held in common to the end that he may have and enjoy his share therein in severalty, G.S. 46-3, and a person owning an estate for life may join in the proceeding. G.S. 46-24.

APPEAL by respondent Sam B. Underwood, Jr., Guardian ad litem from *Bundy, J.,* Resident Judge of Third Judicial District, in Chambers at Greenville, North Carolina.

Special proceeding for actual partition of 57 tracts of land, heard before Clerk of Superior Court of Pitt County from whose judgment appeal as aforesaid was taken to *Bundy, J.,* as above stated.

This proceeding was before this Court at Spring Term 1958,—the opinion then rendered is reported in 248 N.C., at page 539, 103 S.E. 2d, 728.

It is there stated that in the light of the admissions and denials set out in the answer, and the plea as therein set forth, it would seem that for a proper consideration of the questions presented, this Court should have the benefit of acquaintance with the terms and conditions of the will of R. L. Davis; and as to who are the remaindermen, and as to who are "next of blood kin" of petitioners and otherwise as the term is used in this proceeding. Hence the judgment from which appeal was then taken was set aside and the cause remanded to the end that perhaps the pleadings might be reformed, or hearing had, and facts found and conclusions made as to justice appertains, and the law directs.

The record discloses that the parties, through their counsel, have stipulated, among other things, that the original petition and the original answer as contained in the record on former appeal are correct. And, upon motion made in this Court, they are permitted to consider same as a part of the record on this appeal, without being printed herein.

The record also discloses by petition of petitioners that since the original petition was filed in this proceeding there has been born to Robert L. Davis III and his wife Anne S. Davis a child, Margaret Elisabeth Davis, who is without general or testamentary guardian in this State; that she is a necessary party and has been named and

served by process as defendant in this proceeding; and that Sam B. Underwood, Jr., has been appointed guardian ad litem to defend her in this proceeding; and that he has filed answer.

The record shows that the proceeding came on for hearing before the Clerk of Superior Court of Pitt County, North Carolina, on 6 August, 1958, and was heard "upon evidence adduced, exhibits offered, admissions of counsel, and pleadings filed." The Clerk found facts and entered judgment which, with exhibits, covers more than fifty-five pages of the record on appeal,—far too extensive to be set forth in full in an opinion of the Supreme Court: Summarily stated, the facts found are these:

The late R. L. Davis of Pitt County who owned varying interests in fifty-seven tracts of land in Pitt and Greene Counties, died leaving a last will and testament in which he devised to the five children of his brother F. M. Davis to wit: Frances Marion Davis, Virginia Elizabeth Davis, Janie Davis (now Janie Davis Griffin), Margaret Davis (now Margaret Davis Allen) and Robert L. Davis III "share and share alike for their natural lives then to go to the nearest of blood kin of each in fee simple."

After the death of R. L. Davis, two of the children, Frances Marion Davis, and Virginia Elizabeth Davis, have died intestate, unmarried and without issue surviving, leaving as the nearest of blood kin to each the survivors of the five of them, the petitioners in this proceeding. As a result the petitioners have acquired in fee varying interests in the fifty-seven tracts in which they also have life interests in the remaining interests of the several tracts.

The Clerk finds that: In one group, consisting of 42 certain tracts, petitioners own a two-fifths undivided interest in fee. In a second group, consisting of eight certain tracts they own a four-fifths undivided interest in fee. In a third group, consisting of two certain tracts, they own a seven-tenths undivided interest in fee. In a fourth group, consisting of four certain tracts, they own a one-fourth undivided interest in fee. And fifth, in one certain tract they own 318/360th interest in fee.

And the Clerk finds that the petitioners own a life estate in the remaining fractional interests in all the tracts,—and that the remainder, after the life estate of the petitioners Robert L. Davis III, Janie Davis Griffin and Margaret Davis Allen, was devised by the late R. L. Davis to the "nearest of blood kin" of the said petitioners respectively.

And the Clerk finds that as of this date the nearest of blood kin (1) of Robert L. Davis III is Margaret Elisabeth Davis, his daughter, (2) of Margaret Davis Allen are (a) W. A. Allen III and (b) Frances Marion Allen, her son and daughter, and (3) of Janie Davis Griffin

is Francis Millard Griffin, her son, but that who will be included in the class of nearest blood kin to each can be determined and ascertained only at the death of each life tenant, the respective petitioners; and that, therefore, as of this date, each of their respective children has a contingent remainder in a one-third undivided interest in each of the tracts of land grouped in each of the five different categories as above stated.

· And the Clerk further found:

"FOURTEENTH: All of the parties to this proceeding are tenants in common or joint tenants of the lands described as aforesaid and that the petitioners are entitled to the relief sought in this proceeding.

"FIFTEENTH: That an actual division and partition of the lands described as aforesaid can be made among and between the parties of this action according to present values.

"SIXTEENTH: That the petitioners, tenants in common, and joint tenants have in their petition requested that the Commissioners allot their several shares owned by petitioners in fee simple to them in common as one parcel and that such a division will not be injurious or detrimental to any co-tenant or joint tenant.

"SEVENTEENTH: That this Court has jurisdiction of this cause and it has the authority to grant the relief sought by petitioners."

Therefore the Clerk "Ordered, Adjudged and Decreed that the petitioners as tenants in common or joint tenants of the lands described as aforesaid are entitled as a matter of right to the partition of the lands so held in common to the end that they might have and enjoy their share, owned in fee simple, in severalty.

" * * * that the petitioners as tenants in common or joint tenants shall have allotted their several shares owned by the petitioners in fee simple to them in common, as one parcel.

" * * * that the Commissioners hereinafter appointed by this Court shall allot to Robert L. Davis III, Margaret Davis Allen, and Janie Davis Griffin, as life tenants with remainder over to the nearest of blood kin of the said Robert L. Davis III, Margaret Davis Allen, and Janie Davis Griffin, the proportions in the said lands that are so held by them as life tenants, which said life estate with remainder over to the nearest of blood kin of each of the said petitioners shall be allotted to them in common as one parcel.

" * * * that Arch J. Flanagan, A. W. Bobbitt and B. M. Lewis be, and they are hereby appointed Commissioners to partition the lands as hereinabove described and as hereinabove set out and to allot to said tenants in common or joint tenants said lands as hereinabove set out.

" * * * that if said Commissioners find it impossible otherwise to

partition said lands fairly and equitably that they shall charge the more valuable dividends with such sums of money as they may think necessary to be paid to the dividends of inferior value in order to make an equitable partition and within 60 days after notification of their appointment shall make to this court a full and ample report of their proceedings as by law provided."

To the foregoing order the defendant respondent Sam B. Underwood, Jr., guardian ad litem, excepted, and appealed to Superior Court. And being heard by Bundy, resident Judge of Third Judicial District, upon the "pleadings filed, exhibits offered, argument and admissions of counsel," and defendants contending that the Clerk of Superior Court of Pitt County did not have jurisdiction to grant the relief sought by the petitioners and that there is error in the judgment of the Clerk, the Judge entered order that the judgment of the Clerk be, and the same is "in all respects ratified, confirmed and approved."

Defendants appeal to Supreme Court and assign error.

*Lewis & Rouse for plaintiffs, appellees.*
*Underwood & Everett for respondents, appellants.*

WINBORNE, C. J. The appellant states, and the appellees agree, that the question involved on this appeal is substantially as follows:

Do the petitioners, owning in fee undivided interests in several tracts of land, and also owning life estates in the balance of the undivided interests in the same tracts of land, have the right, as against contingent remaindermen, to partition the several tracts of land so that petitioners may hold some tracts in fee and in common, and the remainder of the tracts be held by them as life tenants with remainder over?

The petitioners are not asking for a partition as between themselves and the remaindermen as to the fractional shares of real estate in which the petitioners as life tenant and the remaindermen are concerned. They are seeking a partition separating these fractional interests from the fractional interest in which they have the fee— so that they may know the boundaries of the real estate they own in fee, distinct from the boundaries of that in which they as life tenants and the defendants as contingent remaindermen are interested.

In the light of our statute pertaining to partition, Chapter 46 of General Statutes, as interpreted by decisions of this Court, it is held that the question merits an affirmative answer.

In this State pertaining to partition of real estate it is provided by statute, G.S. 46-3, that "one or more persons claiming real estate as joint tenants or tenants in common may have partition by petition to the Superior Court." Such partition "shall be by special proceeding.

and the procedure shall be the same in all respects as prescribed by law in special proceedings except as modified" in the statute, G.S. 46-1.

And it is provided in G.S. 46-23 that the existence of a life estate in any real estate shall not be a bar to a sale for partition of the remainder or reversion therof, and "for the purpose of partition the tenants in common or joint tenants shall be deemed seized and possessed as if no life estate existed." See *Richardson v. Barnes,* 238 N.C. 398, 77 S.E. 2d 925, and cases cited.

Therefore the proceeding, if adversary, must be instituted by a tenant in common against his co-tenant, deeming the remaindermen as "seized and possessed as if no life estate existed." *Richardson v. Barnes, supra,* and cases cited.

Indeed a tenant in common is entitled as a matter of right to partition of real estate held in common, to the end that he may have and enjoy his share therein in severalty. *Barber v. Barber,* 195 N.C. 711, 143 S.E. 469, and cases cited. And, as held in *Richardson v. Barnes, supra,* a person owning an estate for life may join in the proceeding. G.S. 46-24.

Therefore the judgment from which appeal is taken is affirmed, and the cause will be remanded to the Clerk of the Superior Court of Pitt County for further proceedings accordant with law.

Affirmed.