(No. 11626.—Decree affirmed.)

JAMES A. SEALS, Appellant, *vs.* MAGGIE TREATCH *et al.* Appellees.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. PARTITION—*an agreement between co-tenants not to partition land is binding.* An agreement between co-tenants not to partition the land owned in common is binding, and partition will not be decreed at the suit of a party to the agreement in violation of its terms.

2. SAME—*agreement not to partition may be implied.* An agreement not to partition land during the lifetime of the widow may be implied in a contract by co-tenants where such implication is necessary to the carrying out of the contract according to its terms.

APPEAL from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

WILSON & SCHMIEDESCAMP, for appellant.

WILLIAM SCHLAGENHAUF, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

James A. Seals, appellant, filed his bill in the circuit court of Adams county for the partition of certain real estate in that county. Elizabeth Seals, his mother, Maggie Treatch, his sister, and the surviving husband and six children of his deceased sister, Laura Strickler, were made defendants. A demurrer to the bill, filed by Maggie Treatch, was sustained and the bill was dismissed. From the decree dismissing the bill appellant has perfected this appeal.

The bill alleges that James M. Seals, the father of appellant, died intestate, seized of the real estate in question, leaving surviving him his widow, Elizabeth Seals, and his children, James, Maggie and Laura, as his only heirs-at-law; that after the death of James M. Seals, and on December 24, 1914, the widow and the three children entered into a written agreement which is in substance as follows: That administration on the estate of deceased be waived; that the personal property be sold, with the exception of certain articles named, and the money received from the sale be used in the payment of the debts of the deceased; that after the payment of debts the sum of $500 be paid to the widow, which she agrees to accept in lieu of her award, any deficit required to make up said sum of $500 to be equally paid by the children, James, Maggie and Laura; that the widow expressly waives her rights of dower and homestead and accepts in lieu thereof one-half of the net proceeds from the real estate, which the children (designated in the contract as parties of the second part) agree that she shall have for and during her natural lifetime; that appellant shall operate and farm the premises and deliver one-half of all grain, seeds, hay or other crops to the widow, either on the premises or to the market at Loraine, in Adams county, at the option of the widow; and that should the appellant desire that the premises be leased to someone else, then he and the widow shall jointly lease the same, and such leasing shall bind all parties to the agreement. The agreement then provides: "This contract does not include any pasture on said premises, and the one-half of the proceeds for said pasture is excluded therefrom and shall be agreed upon by the said parties hereto when occasion arises to adjust any rents in relation thereto. The said J. A. Seals agrees to furnish all grass seeds needful in sowing the said premises to grass and to pay for and sow the same at his own expense." The remainder of the agreement provides for certain fencing to be done at the

expense of appellant and his mother, for the use of the dwelling house on the real estate in question by appellant, and for the use of firewood by the widow from the premises. The bill then alleges the inability of appellant to agree with appellee Maggie Treatch as to the making of certain improvements on the premises and as to the removal of trees and undergrowth which are obstructing the flow of a stream through the farm. The remainder of the bill contains the ordinary averments of a bill for partition, and prays that the land be partitioned subject to the rights of Elizabeth Seals and of appellant as tenant.

It is contended on the part of appellant that the interest of Elizabeth Seals in the real estate sought to be partitioned is that of a life tenant, and that appellant is entitled, as a matter of right, to have the remainder partitioned between him and his co-tenants. Appellee Maggie Treatch, on the other hand, contends that the written contract entered into between her mother on the one side, and appellant, her sister and herself on the other, amounts to an agreement not to partition the land during the lifetime of Elizabeth Seals. An agreement between co-tenants not to partition real estate owned in common is binding, and partition will not be awarded at the suit of a party to such an agreement in violation of the terms of the agreement entered into. (*Hill v. Reno,* 112 Ill. 154; *Ingraham v. Mariner,* 194 id. 269; *Dee v. Dee,* 212 id. 338.) An agreement not to partition will be implied and enforced if such implication becomes necessary in order to fulfill and comply with the provisions of the written agreement of the parties in interest. (*Bissell v. Peirce,* 184 Ill. 60; *Ingraham v. Mariner, supra;* *Uden v. Patterson,* 252 Ill. 335.) A consideration of the terms of the agreement entered into between the widow and children of James M. Seals on December 24, 1914, shows clearly that it was the intention of the parties thereto that the real estate in question should not be partitioned during the lifetime of the widow, as the provisions of this contract can

only be fulfilled and carried out by keeping the property intact and allowing the title to remain where it was at the time of its execution. That this was the intention of the parties and that the contract implies that the land should not be partitioned during the lifetime of the widow is evident, alone, from the provision in reference to the rent of the pasture land. The contract does not disclose what portion, if any, of the farm was at that time in pasture. It plainly assumes that the extent of the pasture land might, and would, vary from year to year. This is evident from the fact that it provides that the rental for the pasture land should be adjusted from time to time as occasion should arise, and from the further fact that appellant was obligated to furnish all grass seed that was needful in sowing the premises to grass and to pay for and sow the same at his own expense. It is immaterial whether this contract could be construed to exclude the widow from any part of the proceeds derived from the rental of the pasture land or whether it could be construed to give her one-half of such proceeds. In either event appellant and his two sisters retained their present interest in that part of the land which happened, from time to time, to be in pasture. This provision of the contract is inconsistent with the idea that the premises were to be subject at any time to be partitioned, and is only consistent with the theory that the parties intended by that agreement to prevent partition of this real estate during the lifetime of the widow. In any event, this provision renders impossible a determination of the interests of the parties in the real estate during the lifetime of the widow. The present interests of the appellant and his co-tenants would vary from year to year as the pasture land might be changed in location, increased or diminished. Their interests are not definite and fixed but are made uncertain under the agreement, and partition in such case will not be decreed. *Ingraham* v. *Mariner, supra.*

The decree of the circuit court is affirmed.

*Decree affirmed.*