KAYANN PROPERTIES, INC., v. MERLE D. COX; HARRY R. STANLEY AND WIFE, MAE K. STANLEY.

(Filed 26 August, 1966.)

**1. Partition § 1—**

General rules governing involuntary nonsuit apply to special proceedings for partition, and nonsuit is properly granted in such proceeding if petitioner fails to establish an interest in the lands in question or fails to establish a present right to partition.

**2. Same—**

Ordinarily, a tenant in common is entitled as a matter of right to partition of the lands, G.S. 46-3, or, if actual partition cannot be made without injury to some or all of the parties interested, he is usually entitled to partition by sale. G.S. 46-22.

**3. Partition § 6—**

A petitioner seeking sale for partition has the burden of alleging and proving the facts upon which the order of sale must rest. G.S. 46-22.

**4. Partition § 1—**

The existence of a life estate does not *per se* preclude sale for partition, although the life estate cannot be disturbed so long as it exists. G.S. 46-23.

**5. Partition § 2—**

A tenant in common may by express or implied contract waive his right to partition for a reasonable time, in which instance partition will be denied him or his successors who take with notice.

**6. Partition § 1—**

Partition proceedings are equitable in nature, and the court has jurisdiction to adjust all equities in respect to. the property and will enforce the equitable principle that he who seeks the relief must do equity.

**7. Husband and Wife § 11— Separation agreement held to constitute implied contract precluding sale for partition.**

The deed of separation in question, incorporated in a consent judgment between the parties, provided that the wife should have exclusive use of the property during her lifetime, that the husband would make the mortgage payments on the property and pay the costs of major repairs, that the husband's one-half interest should be subject to an equitable lien as security for his obligation to make monthly payments for her support, and contained further provisions for the protection of the wife or her estate upon the death of either party. *Held:* The provisions of the separation agreement are inconsistent with the sale of the property for partition during the lifetime of the wife and constitute an implied contract waiving the right to partition during her lifetime, binding upon the husband and those claiming as his grantees, notwithstanding that plaintiff partitioner, who had purchased one-half of the husband's interest subject to the life estate, purchased more than ten years after the rendition of the consent judgment, and notwithstanding the consent judgment was not a muniment of title in his chain of title.

APPEAL by petitioner from *Mintz, J.*, January 3, 1966 Civil Session of GUILFORD (Greensboro Division).

This petition for partition by sale was filed June 1, 1965. The parties stipulated that Judge Mintz might hear the proceeding and decide any issues of fact which might arise. The petitioner's evidence tended to show the following undisputed facts:

The property which petitioner seeks to partition is 2.1 acres of land located within the city limits of Greensboro, east of Interstate Highway No. 40, on the northeast corner of the intersection of High Point Road and the ramp from that road to Pinecroft Road and Interstate Highway No. 40. One hundred feet of the 286.2 feet of the south line of the lot is the northern line of High Point Road; the remaining footage borders on the ramp. The east line, 507.6 feet in length, is the center of a 16-foot dirt road. The only buildings on the lot are a 12-room, 2-story brick house, and a 3-car garage, which has an apartment over it. The house is located about 300 feet from High Point Road. The rough pencil map introduced in evidence does not show the location of the buildings on the lot. The property is zoned "Residential 90-S," which requires a minimum plot width of 60 feet. Respondent Merle Cox has the right to sole possession and occupancy of the entire property so long as she lives and owns a one-half undivided interest in fee in the entire property. By the terms of a consent judgment hereinafter referred to, she also acquired a lien on the other one-half interest which then belonged to her husband, Truitt Cox. Subject to the interest of Merle Cox, petitioner owns a one-fourth undivided interest in the property and respondents Harry R. Stanley and wife own the other one-fourth interest.

Prior to his marriage to Merle Cox on November 14, 1943, Truitt Cox purchased the property in question and had the deed made to her as sole owner. After their marriage, Mr. and Mrs. Cox occupied the property as their home. Sometime about 1945, Mrs. Cox contracted Parkinson's disease, from which she still suffers. In May 1948, Mr. and Mrs. Cox separated. Since then Merle Cox has occupied the premises as her home, renting rooms in the house and the garage apartment.

In June 1950, Truitt Cox instituted an action for absolute divorce against Mrs. Cox upon the grounds of two years' separation. She filed a cross action against him for alimony without divorce. Mr. Cox also instituted a suit against her in which he sought to have title to the property in question vested in them as tenants by the entireties. Respondent Harry R. Stanley was one of the two attorneys who represented Truitt Cox in these actions. During the pendency of the actions, on January 19, 1951, Mr. and Mrs. Cox

entered into a deed of separation. The provisions of this deed of separation are set out in detail in the statement of facts in the case of *Stanley v. Cox*, 253 N.C. 620, 117 S.E. 2d 826. It contained the usual provisions of such instruments and adjusted the property rights of the parties as follows:

(a)   Mr. Cox released to Mrs. Cox all furnishings and equipment in the garage apartment and in the dwelling which they had occupied.

(b)   Mrs. Cox agreed to convey to Mr. Cox a one-half undivided interest in the property so that title would be vested in them as tenants in common.

(c)   Mr. Cox agreed to make the payments due on the mortgage loan encumbering the property as they fell due. If Mrs. Cox should die before the mortgage was fully paid, he agreed to pay the balance due immediately so that her heirs or devisees would take their one-half interest in said property free of all encumbrances. If Mr. Cox should die before the mortgage was paid in full, his estate was made liable for the balance due, which was made a lien upon his one-half interest. Mr. Cox also agreed to pay during Mrs. Cox's lifetime (1) all *ad valorem* taxes and hazard insurance premiums on the realty, (2) all bills for major repairs to the property, and (3) all necessary local medical and drug bills.

(d)   Mrs. Cox was given the sole possession and occupancy of the premises during her lifetime (except as provided below) and all rents from the property. In addition, Mr. Cox agreed to pay her $100.00 a month. Should Mrs. Cox enter a nursing home or change her residence, she was to be given the option of retaining possession of the property or surrendering it to Mr. Cox for rental by him. Should she keep the property but not reside in it, Mr. Cox's payments would be reduced to $50.00 a month; should she surrender it to him, he agreed to pay her $250.00 a month so long as he retained control of the property and received the rentals. At any time after 90 days, however, upon 60 days' notice to him, Mrs. Cox might repossess the property.

(e)   Mrs. Cox agreed to dismiss her cross action for alimony without divorce and acknowledged that the parties had lived continuously separate and apart since May 1948.

At the time of the execution of the deed of separation, and as a part of the same transaction, Mrs. Cox conveyed the property to a third person, who immediately reconveyed it to Truitt Cox and Merle Cox as tenants in common. Both these deeds and the separation agreement were duly recorded on January 19, 1951. Two days thereafter, Mr. Cox secured his divorce. The judgment, entered on January 22, 1951, in addition to incorporating the issues and dis-

solving the bonds of matrimony, recited that the parties had there-tofore entered into a deed of separation in which plaintiff (Mr. Cox) had agreed to make certain payments for the use and benefit of the defendant (Mrs. Cox) and, that, in consequence, she had withdrawn her cross action.

The judgment concluded as follows:

"By consent of the plaintiff, IT IS FURTHER ORDERED AND DECREED that the plaintiff shall pay to the defendant each, every and all of the payments specified in the aforesaid agreement dated January 19, 1951, as the same shall fall due and become payable from time to time, the defendant to have the right to move the court for attachment of the plaintiff as for a civil contempt in the event the plaintiff shall fail to make any of said payments which are specified in said agreement, and IT IS FURTHER ORDERED AND ADJUDGED that said payments shall be and remain a lien upon the estate and property of the plaintiff; and that the costs of this action shall be paid by the plaintiff.

"This the 22nd day of January 1951.

DAN K. MOORE
Judge Presiding.

"Plaintiff consents to the last paragraph of the foregoing decree:

HARRY R. STANLEY
NORMAN A. BOREN
Attorneys for the Plaintiff."

Thereafter, on January 22, 1951, by deed recorded on the same day, Truitt Cox conveyed to respondents Harry R. Stanley and wife a one-fourth undivided interest in the property. Sometime later, prior to June 1960, the Stanleys instituted an action against Merle Cox under G.S. 41-10 to quiet title against her claims (1) that the Stanley's one-fourth interest was subject to the lien created by the consent judgment to secure the payments by Truitt Cox as provided in the deed of separation and (2) that she had the right to occupy Truitt Cox's one-half interest during her lifetime. This Court held in *Stanley v. Cox, supra,* that "the consent part" of the divorce judgment created an enforceable lien upon the property which the Stanleys had purchased from Truitt Cox, and that Mrs. Cox had the right of sole occupancy and possession of the entire property so long as she lives. In short, Mrs. Cox's claims against the Stanleys were held to be valid and not a cloud upon their title.

On April 7, 1965, Truitt Cox and his present wife, Thelma Cox, in consideration of $5,000.00 and the payment of all past-due taxes

on the property, conveyed Truitt Cox's remaining one-fourth undivided interest in the property to petitioner. The conveyance was made subject to the separation agreement between Truitt Cox and Merle Cox. Truitt Cox now owns no real estate whatever.

Petitioner's attorney testified that, in examining the title to this property, he did not inspect the index of judgments docketed prior to 1954 in the office of the Clerk of the Superior Court and that he, therefore, did not find and report the divorce judgment entered January 22, 1951.

Petitioner alleges in its petition that "the nature and size of the land is such that an actual partition thereof cannot be made without injury to the several persons interested therein." Respondents deny that an actual partition cannot be made of the property without injury to the petitioners. They further allege that the property is not subject to partition during the lifetime of Merle Cox for that petitioner's predecessor in title, Truitt Cox, had impliedly agreed not to partition the property so long as her rights in it continued; that petitioner purchased with both actual and constructive notice of the separation agreement and the divorce judgment; that a partition would defeat the purpose of the deed of separation; that the property, because of its location adjacent to the Greensboro-High Point Road and Interstate 40 is a very valuable tract of land and that petitioner seeks to force a judicial sale in order to acquire Mrs. Cox's remainder in the property at a price substantially less than its market value.

At the close of petitioner's evidence, respondents moved the court to dismiss the proceedings as of nonsuit. The motion was allowed and petitioner appeals.

*Booth, Osteen, Fish & Adams by Roy M. Booth for petitioner.*
*Smith, Moore, Smith, Schell & Hunter by Herbert O. Davis and Charles L. Melvin, Jr., for Merle D. Cox, respondent.*
*Harry R. Stanley, respondent, in propria persona.*

SHARP, J. This appeal presents only the question of nonsuit. All assignments of error with reference to the exclusion and admission of evidence have been abandoned. General rules governing involuntary termination on nonsuits in civil actions apply to special proceedings for partition. 68 C.J.S., Partition § 104 (1950). If the petitioner has no interest in the lands described in the petition, or no present right to partition, the proceeding is properly dismissed. *Burchett v. Mason,* 233 N.C. 306, 63 S.E. 2d 634. *Cf. Haddock v. Stocks,* 167 N.C. 70, 83 S.E. 9.

· *Prima facie,* a tenant in common is entitled, as a matter of right, to a partition of the lands so that he may enjoy his share in severalty. G.S. 46-3; *Brown v. Boger,* 263 N.C. 248, 139 S.E. 2d 577; *Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369. If, however, an actual partition cannot be made without injury to some or all of the parties interested, he is equally entitled to a partition by sale, G.S. 46-22; *Coats v. Williams,* 261 N.C. 692, 136 S.E. 2d 113, but the burden is on him who seeks a sale in lieu of actual partition to allege and prove the facts upon which the order of sale must rest. G.S. 46-22; *Brown v. Boger, supra; Seawell v. Seawell, supra; Wolfe v. Galloway,* 211 N.C. 361, 190 S.E. 213. The existence of a life estate is not, *per se,* "a bar to a sale for partition of the remainder or reversion thereof," G.S. 46-23, since, for the purpose of partition, tenants in common are deemed seized and possessed as if no life estate existed. The actual possession of the life tenant, however, cannot be disturbed so long as it exists. *Davis v. Griffin,* 249 N.C. 26, 105 S.E. 2d 119; *Moore v. Baker,* 222 N.C. 736, 24 S.E. 2d 749.

While it is the general rule that a tenant in common may have partition as a matter of right, it is equally well established that a cotenant may, either by an express or implied contract, waive his right to partition for a reasonable time. When he does, partition will be denied him or his successors who take with notice. *Mineral Co. v. Young,* 220 N.C. 287, 17 S.E. 2d 119; *Chadwick v. Blades,* 210 N.C. 609, 188 S.E. 198; *Rosenberg v. Rosenberg,* 413 Ill. 343, 108 N.E. 2d 766; *Seals v. Treatch,* 282 Ill. 167, 118 N.E. 422; *Appeal of Latshaw,* 122 Pa. 142, 15 Atl. 676; *Coleman v. Coleman,* 19 Pa. St. 100, 57 Am. Dec. 641. See also Note, 15 N.C.L. Rev. 279 (1937); Annot., Partition — Contracts Against, 132 A.L.R. 666 (1941); 68 C.J.S., Partition § 44 (1950); 40 Am. Jur., Partition §§ 4-7 (1942); 2 Am. Law of Property § 6.26 (1952). In *Mineral Co. v. Young, supra,* this Court reversed an order of the Superior Court decreeing the division by sale of mineral rights which were subject to a lease, and a portion of which had been acquired by the lessee. The opinion quotes with approval from *Arnold v. Arnold,* 308 Ill. 365, 367-68, 139 N.E. 592, 593, as follows:

" 'It has been said in general terms that an adult tenant in common has an absolute right to partition (citing cases); but it has been in cases where there was neither an equitable nor legal objection to the exercise of the right, and partition was in accordance with the principles governing courts of equity. Whenever any interest inconsistent with partition has been involved, the general rule has always been qualified by the statement that equity will not award partition at the suit of one in

violation of his own agreement, or in violation of a condition or restriction imposed upon the estate by one from whom he claims, or where partition would be contrary to equitable principles. Partition will not be awarded in a court of equity, where there has been an agreement either not to partition, or where the agreement is such that it is necessary to secure the fulfillment of the agreement that there should not be a partition. Such an agreement may be verbal, if it has been acted upon, and it need not be expressed, but will be readily implied, and enforced, if necessary to the protection of the parties. (Citing cases.)' " 220 N.C. at 291-92, 17 S.E. 2d at 122.

In this State partition proceedings have been consistently held to be equitable in nature, and the court has jurisdiction to adjust all equities in respect to the property. *Allen v. Allen,* 263 N.C. 496, 139 S.E. 2d 585; *Brown v. Boger, supra; Roberts v. Barlowe,* 260 N.C. 239, 132 S.E. 2d 483. Partition is always subject to the principle that he who seeks it by coming into equity for relief must do equity. 2 Am. Law of Property § 6.26 (1952). " 'Equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed on the estate by one through whom he claims. The objection to partition in such cases is in the nature of an estoppel.' " *Chadwick v. Blades, supra* at 612, 188 S.E. at 200. "The refusal of partition to one who has brought suit therefor in violation of his contract appears to bear a close analogy to the grant of specific performance of a contract." 2 Tiffany, Real Property § 474 (3d Ed. 1939).

The separation agreement between Mr. and Mrs. Cox does not contain an express stipulation that Truitt Cox shall not partition the property. It is apparent, however, both from the instrument itself and from the circumstances surrounding its execution that neither party considered the possibility of partition during the life of Mrs. Cox. Mr. Cox's goal was an absolute divorce. Mrs. Cox, suffering from a slowly progressive and eventually incapacitating disease, sought to secure a livelihood for herself and a place to live during the remainder of her life. Mr. Cox's earning capacity and the property on High Point Road were the only assets available for her purpose.

Mr. Cox's agreement to pay off the mortgage on the property immediately upon the death of Merle Cox so that her heirs or devisees would take a one-half interest in the property free of all encumbrances is entirely inconsistent with a partition by sale — and if it be true, as petitioner alleges, that an actual partition of the 2.1 acres cannot be made without injury to the tenants in common,

this agreement is inconsistent with any partition at all. Furthermore, in the event Mrs. Cox should die before the mortgage was paid in full, the entire balance due on it was made a lien upon Mr. Cox's one-half interest in the property. This clause of the contract reveals (1) that neither party envisioned that the other would sell his interest during her lifetime, and (2) that the mortgage lien should be removed from Mrs. Cox's one-half interest — her one tangible asset — as early as possible so that she would have this security in the event of Mr. Cox's death or incapacity, or in the event she had to enter a nursing home in some other locality. In all probability, this interest is now her anchor to windward, for Mr. Cox, having sold his entire share in the property, obviously lacks any incentive to preserve it, and it little concerns him whether the sums he obligated himself to pay are a lien upon the property. At the hearing he testified as follows: "I have paid her (Merle Cox) $100.00 every month. . . . I have not breached my contract in any respect. . . . I can't go much further though."

It was only three days after the execution of the deed of separation that Mr. Cox conveyed half of his undivided interest in the property (one-fourth of the whole) to respondent Stanley (his attorney) and Mrs. Stanley — presumably in payment of fees due Mr. Stanley. When, however, the Stanleys sought a judicial pronouncement that they held their one-fourth interest free of any claims by Mrs. Cox, this court held (1) that she had the right to sole occupancy and possession of the entire property during her life; (2) that the consent provisions of the divorce judgment — which bore the signature of respondent Harry R. Stanley as attorney for Mr. Cox — created an equitable lien upon Mr. Cox's one-half undivided interest in the property to secure all payments which, in the separation agreement, he had agreed to make for Mrs. Cox's benefit; and (3) that the Stanleys, having purchased with notice of the judgment, were equally bound by its consent provisions. *Stanley v. Cox, supra.*

Recognizing that this lien upon their one-fourth interest, together with Merle Cox's life estate in the whole, will greatly depress the value of the fee if the property is sold for partition now, the Stanleys join with Merle Cox in denying petitioner's right to partition the property during her lifetime. Petitioner, however, contends that its one-fourth interest is not burdened with a lien to secure the payment to Mrs. Cox of "each, every and all of the payments" specified in the separation agreement for these reasons: (1) it was unaware of the consent provisions in the divorce judgment which is not one of its muniments of title; (2) the judgment was not recorded in the office of the Register of Deeds; and (3)

no muniment of its title disclosed its existence. *Morehead v. Harris,* 262 N.C. 330, 137 S.E. 2d 174. See *Winborne v. Guy,* 222 N.C. 128, 22 S.E. 2d 220; *Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197.

Petitioner recognizes that, without Merle Cox's joinder in its petition for partition by sale, G.S. 46-24, she cannot be dispossessed of the premises during her lifetime, G.S. 46-23, but it argues that her right to continuing occupancy will fully protect her in the manner contemplated in the deed of separation. This argument overlooks the realities. If the property is sold subject to the uncertain duration of her life estate and the lien on the Stanleys' interest, the value of the property will most certainly be reduced. *Eberts v. Fisher,* 54 Mich. 294, 20 N.W. 80. The sale would likewise sacrifice the security, which it was one of the major purposes of the deed of separation to provide. Mrs. Cox could protect herself only by purchasing the property at the sale. This she might not be able to do. There is nothing in the record, however, which suggests that she would be able to outbid petitioner in a contest. But even if she became the last and highest bidder, and thus acquired the fee in the other half of the property, a lien upon it to secure Mr. Cox's payments would be no lien at all! The creditor would have purchased the security. It is apparent that the partition which petitioner seeks would be in contravention of the separation agreement and would defeat its purposes. An agreement against partition will therefore be implied. 68 C.J.S., Partition § 44 (1950); 40 Am. Jur., Partition § 7 (1942). "(I)f the intention is sufficiently manifest from the language used, the court will hold that the parties may effectively bind themselves not to partition even without express use of the word." *Michalski v. Michalski,* 50 N.J. Super. 454, 462, 142 A. 2d 645, 650.

If we concede, as petitioner contends, that its one-fourth interest (unlike that of the Stanleys) is not subject to the lien which the consent provisions of the divorce judgment imposed, it is, nevertheless, subject to the implied agreement contained in the deed of separation.

Since we hold that petitioner has no right to partition the property in suit during the lifetime of Merle Cox without her consent, it is not necessary to decide whether petitioner produced satisfactory proof that the land could not be partitioned in kind without injury to some or all of the cotenants. On this point see *Brown v. Boger, supra; Mineral Co. v. Young, supra.*

The judgment below is

Affirmed.