KENNETH D. HEPLER AND JUDY D. HEPLER v. BROOKIE I. BURNHAM AND WALTER VAN BURNHAM III

No. 7415SC644

(Filed 2 January 1975)

1. **Husband and Wife § 11; Partition § 2— separation agreement — waiver of right to partition**

    Right to partition as a tenant in common could be waived by separation agreement even though the parties were tenants by the entirety at the time the separation agreement was entered since the right to partition was a right which the parties should have reasonably foreseen would vest upon entry of a decree of absolute divorce.

2. **Husband and Wife § 11; Partition § 2— separation agreement — implied waiver of right to partition**

    Separation agreement in which the husband agreed that prior to the emancipation of a minor child of the parties he would continue mortgage payments on a house, permit the wife to reside there and lease the premises to her free of any rent impliedly limited the husband's right to seek partition during the agreement, was reasonable in its duration and was not void as an unreasonable restraint on alienation.

Hepler v. Burnham

3. **Husband and Wife § 10— separation agreement — allowing respondent's new husband to live on property rent free — equitability**

Separation agreement allowing respondent to live rent free for the duration of the agreement on premises owned by the parties and impliedly prohibiting petitioner from obtaining a partition of the property is not inequitable to petitioner in allowing respondent's new husband to live on the property free of rent.

APPEAL by petitioners from *Tillery, Judge,* 27 May 1974 Session of Superior Court held in ALAMANCE County. Argued before the Court of Appeals 17 September 1974.

Petitioner Kenneth D. Hepler (hereinafter referred to as petitioner) and Respondent Brookie I. Burnham (hereinafter referred to as respondent) were married in 1964 and divorced in 1971. During their marriage petitioner and respondent purchased a house and lot located at 739 Fairfield Street in Burlington, North Carolina. This property was conveyed to petitioner and respondent as tenants by the entirety. Since their divorce in 1971, by operation of law the property has been owned by petitioner and respondent as tenants in common. Both petitioner and respondent have remarried, and respondent and her husband now reside in the residence held by the parties as tenants in common.

This appeal derives from a petition filed by Kenenth D. Hepler to partition and sell that land. The petition also contains a prayer for the refund of advance taxes paid by petitioner and for the fixation of a fair rent to be paid by respondent's husband, Walter Van Burnham, III. Respondent answered the petition, contending that a deed of separation, entered into on 12 November 1970, barred the petitioner's claim. Respondent's answer asserts that the deed of separation is to remain in effect until the only child born of the marriage, Robert Brian Hepler, born 24 March 1965, becomes emancipated. Furthermore, the answer asserts that the parties intended that respondent would have sole use and possession of the real property and that the mortgage payments made on the property by petitioner would be in the nature of child support and would remain in effect until the child's emancipation.

The crux of this controversy is the interpretation of the deed of separation. It provides, in part, that

"3. It is understood and agreed that party of the second part, husband, shall pay to party of the first part, wife,

the sum of Eighty five and No/100 ($85.00) Dollars per month for the support and maintenance of said child, Robert Brian Hepler, beginning November 25, 1970, and continuing with a like payment on the 25th day of each month thereafter until said child shall become emancipated.

"4. It is further agreed that the husband shall be responsible for and shall pay the following obligations now owed by the parties:

. . . .

" (c) The monthly payment on the indebtedness on the real property which was occupied by the parties hereto as their home, which is presently being paid to Cameron-Brown, and which said payment shall include principal, interest, and escrow deposits for insurance and taxes and any other purposes, and it is understood and agreed that the title to said real property shall remain as it is presently in party of the first part and party of the second part hereto.

. . . .

"5. It is understood and agreed that the parties hereto, prior to the separation, resided at 739 Fairfield Street, Burlington, North Carolina, and the party of the first party (sic), wife now resides in and shall be permitted to continue to reside in and at said location unmolested, and party of the second part does hereby lease said premises to party of the first part, free of any rent, for her continued use of said premises as her home, during the existence of this agreement; it is further understood and agreed that the party of the first part, wife, shall have the household and kitchen furnishings located in the said former residence of the parties as her sole and separate property; and party of the second party (sic), husband, hereby releases and quitclaims all of his right, title and interest in said household and kitchen furnishings to her.

"6. It is further agreed . . . that each of the parties may hereafter freely sell and otherwise dispose of any and all of his or her own separate property . . . . It is further understood and expressly agreed that said parties hereto shall have the right hereafter at all times to buy, sell, transfer, assign, convey, mortgage and otherwise dispose of any and all personal or real property which either of them shall now have or hereafter acquire without the other being required to join therein or consent thereto in any manner."

No witnesses appeared before the court, but both parties submitted briefs. After considering their arguments, the trial judge made findings of fact from admissions in the pleadings and concluded that petitioner had waived his right to partition during the existence of the separation agreement. His order dismissed the petition and enjoined petitioner from selling the property described in the deed of separation. From this order the petitioner appeals to this Court.

*R. Chase Raiford, for petitioner-appellant.*

*Ross, Wood & Dodge, by B. F. Wood, for respondents-appellee.*

BROCK, Chief Judge.

The sole assignment of error challenges the dismissal of the petition and the enjoining of petitioner from selling the property in question. In support of this assignment of error, petitioner advances two arguments. First, petitioner argues that it was impossible for him to waive his right to partition as a tenant in common in the separation agreement because he was a tenant by the entirety at the time and did not have a right to partition. Second, petitioner argues that the deed of separation, in any event, cannot be interpreted to contain such a waiver.

Chapter 46 of the North Carolina General Statutes grants certain partition rights to cotenants of property. These rights, however, are not unqualified. In *Chadwick v. Blades,* 210 N.C. 609, 188 S.E. 198 (1936), the North Carolina Supreme Court stated:

> "Statutes declaring that joint tenants or tenants in common shall have a right to partition were never intended to interfere with contract between such tenants modifying or limiting this otherwise incidental right, or to render it incompetent for parties to make such contracts, either at the time of the creation of the tenancy or afterwards." 210 N.C. at 612.

Thus, there is no question that in the case at bar petitioner could validly contract away his right to partition in a deed of separation. "The ordinary rules governing the interpretation of contracts apply to separation agreements and the courts are without power to modify them." *Church v. Hancock,* 261 N.C. 764, 765, 136 S.E. 2d 81.

[1]   Petitioner asserts that his first argument, that it was impossible for him to waive a right not in existence at the time of the separation agreement, should control the disposition of this appeal. While we acknowledge that one of the essentials of waiver is the existence at the time of a known right, *Fetner v. Granite Works*, 251 N.C. 296, 111 S.E. 2d 324, we believe that the separation agreement served as an agreement to waive a right to partition, a right which should have reasonably been foreseen would vest upon entry of a decree of absolute divorce. *See* 92 C.J.S. *Waiver* (1955). For this reason we find no merit in petitioner's first argument.

Petitioner contends that the case of *Kayann Properties, Inc. v. Cox*, 268 N.C. 14, 149 S.E. 2d 553, is supportive of both his position and his second argument. In that case, a husband, Truitt Cox, had conveyed property to his wife, Merle Cox, before their marriage. After their marriage he sued his wife to have title vested in them as tenants by the entirety. During the pendency of this action, the parties entered into a deed of separation wherein Merle Cox agreed to convey to Truitt Cox a one-half undivided interest in the property so that title would be vested in them as tenants in common. Truitt Cox also agreed to make mortgage payments on the property and to give Merle Cox sole possession and occupancy of the premises during her lifetime. At the time of the execution of the deed of separation, and as part of the same transaction, the property was conveyed to a third party who subsequently reconveyed it to Truitt and Merle Cox as tenants in common. Truitt Cox then obtained a divorce judgment which provided that he was to make all payments set forth in the separation agreement. Truitt Cox later conveyed one-quarter undivided interest to one Stanley, who instituted an action to quiet title against Merle Cox. The court found that Merle Cox had sole possession and occupancy during her lifetime. The "consent part" of the divorce judgment created an enforceable lien upon the property purchased by Stanley. *Stanley v. Cox*, 253 N.C. 620, 117 S.E. 2d 826. Truitt Cox later conveyed his remaining one-quarter undivided interest to petitioner Kayann Properties, Inc., subject to the separation agreement. Kayann filed a petition for partition by sale. The North Carolina Supreme Court found that the separation agreement did not expressly contain a stipulation that Truitt Cox would not partition. But the Court did find that neither party to the agreement had considered the possibility of partition during Merle Cox's life.

Hepler v. Burnham

Her husband's goal was an absolute divorce. After considering the arguments and the circumstances of the case, the Court held:

> "It is apparent that the partition which petitioner seeks would be in contravention of the separation agreement and would defeat its purposes. An agreement against partition will therefore be implied. (Citations omitted.) '[I]f the intention is sufficiently manifest from the language used, the court will hold that the parties may effectively bind themselves not to partition even without express use of the word.' *Michalski v. Michalski,* 50 N.J. Super. 454, 462, 142 A. 2d 645, 650." 268 N.C. at 22.

We do not find *Kayann* to be at all supportive of petitioner's position in the case at bar. *Kayann* is a well-reasoned case which supports the respondent. *See also* Annot., 37 A.L.R. 3d 962 (1971).

[2]  The deed of separation executed between respondent and petitioner, in our opinion, effectively modifies and limits petitioner's right to partition the property. Paragraphs 3, 4(c), and 5 of the agreement, set forth above, if not expressly, at least impliedly modify and limit this right. By its provisions petitioner has agreed to support Robert Brian Hepler, to continue mortgage payments, to permit respondent to reside in the house, and, most importantly, to lease the premises to her "free of any rent, for her continued use of (the) premises as her home, during the existence of the agreement." Because the agreement terminates upon Robert Brian Hepler's emancipation, we believe that the contract is reasonable in its duration and not void as an unreasonable restraint on alienation. "A contract among co-tenants that neither they nor their heirs or assigns will ever institute proceedings for partition has been held void as an unreasonable restraint on the use and enjoyment of the land." *Chadwick v. Blades,* 210 N.C. 609, 612, 188 S.E. 198 (1936).

[3]  Petitioner urges us to find the agreement "inequitable and against the reasoning of prudent men to interpret that a husband would enter a contract with his separated wife and upon her remarriage intend to allow her new husband to live on the premises free of rent until the minor child reached his majority without clearly setting out such a provision in the contract."

In our opinion the separation agreement does not impose an inequitable burden on petitioner. The agreement provides that respondent is to live rent free on the premises for the duration

of the agreement. Clearly the petitioner should have contemplated the respondent's remarriage. The fact that respondent has now remarried and is living with her husband on the premises does not affect the petitioner's duty to provide her the premises rent free. Had petitioner been concerned with respondent's remarriage, he could have provided for it in the agreement. The burden on petitioner since respondent's remarriage is no greater than it was originally.

"In this State partition proceedings have been consistently held to be equitable in nature, and the court has jurisdiction to adjust all equities in respect to the property." *Kayann Properties, Inc. v. Cox, supra* at 20. Petitioner cites 31 C.J.S. *Estoppel* § 63 (1964) for the proposition that "[t]he remedy of estoppel has for its purpose the promotion of the ends of justice, and the doctrine is grounded on equity and good conscience." While we agree with that statement, we note that partition is also subject to the principle that he who seeks equity must do equity. "Equity will not award partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed on the estate by one through whom he claims." *Chadwick v. Blades,* 210 N.C. 609, 612, 188 S.E. 198 (1936).

Affirmed.

Judges MORRIS and MARTIN concur.