SYLVIA E. WINBORNE v. MELVIN D. WINBORNE

No. 816SC209

(Filed 6 October 1981)

**Husband and Wife § 11; Partition § 2— separation agreement preventing partition**

Where the parties executed a separation agreement which provided: "The parties own a home as 'tenants by the entirety,' in which husband will continue to live and make payments," they modified and limited their right to partition the property.

APPEAL by respondent from *Llewelyn, Judge.* Judgment entered 21 January 1981 in Superior Court, HERTFORD County. Heard in the Court of Appeals 24 September 1981.

The petitioner commenced this proceeding for the sale for petition of a house and lot she and the respondent had owned as tenants by the entirety before they were divorced. Prior to the divorce, the parties entered into a separation agreement which provided: "The parties own a home as 'tenants by the entirety,' in which husband will continue to live and make payments." The defendant pled this agreement as a bar to the sale for partition.

The court granted the petitioner's motion for summary judgment. Respondent appealed.

*Jenkins and Jenkins, by Robert C. Jenkins, for petitioner appellee.*

*Revelle, Burleson, Lee and Revelle, by L. Frank Burleson, Jr., for respondent appellant.*

WEBB, Judge.

We believe we are governed by *Hepler v. Burnham*, 24 N.C. App. 362, 210 S.E. 2d 509 (1975) in which case the parties entered into a separation agreement which provided:

"It is understood and agreed that the parties hereto, prior to separation, resided at 739 Fairfield Street, Burlington, North Carolina, and the party of the first party (sic), wife now resides in and shall be permitted to continue to reside in and at said location unmolested, and party of the second part does hereby lease said premises to party of the

first part, free of any rent, for her continued use of said premises as her home during the existence of this agreement."

In *Hepler* this Court held that by executing the separation agreement, the petitioner had modified and limited his right to partition the property. We believe the agreement in the case sub judice is sufficiently similar to *Hepler* so that we would have to overrule that case to sustain the position of the appellee. In each case the gravamen of the separation agreement as to the disposition of the entirety property is that the respondent will be allowed to live in the house so long as he or she meets certain conditions. There is no dispute that the respondent has met the conditions in this case.

It was error for the court not to dismiss the petition. We reverse and remand for an order consistent with this opinion.

Reversed and remanded.

Judges VAUGHN and ARNOLD concur.