RICHARD L. McDOWELL AND WIFE, MERLE B. McDOWELL v. KATE B. McDOWELL AND EAST FEDERAL SAVINGS & LOAN ASSOCIATION

No. 828SC262

(Filed 19 April 1983)

**1. Partition § 2— tenants in common—waiver of right to partition**

A tenant in common is entitled to partition as a matter of right, but this right may be waived for a reasonable time by either an express or implied contract.

**2. Partition § 2— right to partition—waiver in separation agreement**

Petitioner impliedly waived his right to a partition sale of a house and lot without respondent's consent by entering into a separation agreement permitting respondent to live in the house or to rent it, with petitioner paying a portion of the monthly mortgage indebtedness, until such time as petitioner and respondent "both mutually agree to sell said house and lot."

**3. Partition § 2— waiver of right to partition without former wife's consent—no unreasonable restraint on alienation**

A provision of a separation agreement permitting respondent wife to live in a house or to rent it and requiring the consent of both parties for a partition

McDowell v. McDowell

sale of the house and lot did not constitute an unreasonable restraint on aliena-
tion since the longest possible time during which the property could remain in
respondent's possession without agreement to sell was for her life, and such a
restraint on alienation is not unreasonable.

4. **Partition § 2— waiver of right to partition in separation agreement—considera-
tion**

A provision of a separation agreement requiring the consent of both par-
ties to a partition sale of a house and lot was supported by consideration
where, pursuant to the agreement, respondent wife relinquished her claims for
alimony and support and released her rights in petitioner husband's estate and
property in exchange for some household furnishings and the possession of the
house.

APPEAL by petitioners from *Llewellyn, Judge.* Judgment
entered 11 January 1982 in Superior Court, LENOIR County.
Heard in the Court of Appeals 20 January 1983.

Petitioners commenced this proceeding to partition and sell a
house and lot owned by petitioner Richard McDowell and former
wife, respondent Kate McDowell, as tenants in common.

Respondent answered the petition, asserting that she did not
consent to the partition of the property and that the terms of a
final separation agreement entered into by the parties on 10 July
1978 barred any partition sale of the property without her con-
sent. The separation agreement provided, in pertinent part, that:

2. Husband and Wife are the owners of a house and lot at
3205 Hillman Road, Kinston, North Carolina, as tenants by
the entirety, which said premises is subject to a mortgage in-
debtedness to East Federal Savings and Loan Association,
Kinston, North Carolina. Wife shall be entitled to the ex-
clusive possession and control of said house and lot and Hus-
band agrees to pay the monthly mortgage indebtedness on
same until the youngest child born of the marriage, CONNIE
CAROLINE MCDOWELL, has completed her college education
and obtains suitable employment. After the said child has
completed her college education Husband agrees to pay one-
half of the monthly mortgage indebtedness on said house and
lot until such time as Husband and Wife both mutually agree
to sell said house and lot. At such time as Husband and Wife
both mutually agree to sell said house and lot the net pro-
ceeds from said sale shall be divided equally between Hus-
band and Wife.

Wife shall have the option to rent said house and lot and receive the rentals therefrom as her sole and separate property free from all claim or demand of Husband and Husband agrees to pay the monthly mortgage indebtedness on said house and lot until the youngest child has completed her college education and obtains suitable employment. After said child has completed said college education and Wife is renting said house and lot and receiving said rentals therefrom, Husband agrees to pay one-half of the mortgage indebtedness on said house and lot until such time as Husband and Wife both mutually agree to sell same and upon the sale of said house and lot the net proceeds from said sale shall be divided equally between Husband and Wife.

The parties stipulated that their youngest child had completed her college education and obtained suitable employment; that respondent is presently in possession of the house and lot and is renting it and receiving rental proceeds; and that respondent has not agreed to sell the house and lot.

The court granted respondent's motion for summary judgment. Petitioners appeal.

*White, Allen, Hooten, Hodges and Hines, by John R. Hooten, for petitioner appellants.*

*Barker, Kafer and Mills, by Charles William Kafer, for respondent appellee McDowell.*

JOHNSON, Judge.

The issue raised by this appeal is whether the court erred in granting the respondent's motion for summary judgment, thereby dismissing the petition for partition. On a motion for summary judgment, under N.C.G.S. 1A-1, Rule 56, the movant has the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). For the reasons which follow, we find no genuine issue of material fact and affirm.

[1]  Under Chapter 46 of the North Carolina General Statutes, a tenant in common is entitled to partition as a matter of right. *Brown v. Boger*, 263 N.C. 248, 139 S.E. 2d 577 (1965). This right

---

McDowell v. McDowell

---

may be waived, however, for a reasonable time, by either an express or implied contract. *Properties, Inc, v. Cox,* 268 N.C. 14, 149 S.E. 2d 553 (1966). In *Hepler v. Burnham,* 24 N.C. App. 362, 210 S.E. 2d 509 (1975), this Court held that a cotenant's right to partition can be contracted away in a deed of separation entered into while the property is still owned by the parties as tenants by the entirety. In *Hepler,* the parties agreed in a deed of separation that prior to the emancipation of the parties' minor child, the husband would make the mortgage payments on the parties' house and the wife could reside there rent free. This Court held that by executing the deed of separation the parties had effectively modified and limited their right to partition the property. The provisions allowing the wife to live rent free on premises owned by the parties for the duration of the agreement at the least impliedly limited the petitioner's right to partition the property. More recently in *Winborne v. Winborne,* 54 N.C. App. 189, 282 S.E. 2d 487 (1981), this Court relied on *Hepler* and held that a petition for partition should have been dismissed where the parties entered into a separation agreement containing the following provision: "The parties own a home as 'tenants by the entirety,' in which husband will continue to live and make payments." The agreement in *Hepler* was considered indistinguishable from that in *Winborne* because in each case "the gravamen of the separation agreement as to the disposition of the entirety property is that the respondent will be allowed to live in the house so long as he or she meets certain conditions." 54 N.C. App. at 190, 282 S.E. 2d at 488.

[2]   The separation agreement in the case under discussion is indistinguishable in this respect from the agreements in *Hepler* and *Winborne.* It allows the respondent to either live in the house herself or to rent it, with petitioner paying the monthly mortgage indebtedness, subject to certain conditions, until such time as the parties mutually agree to sell the property. Under the rule of *Hepler* and *Winborne,* petitioner, by entering into this agreement, impliedly limited his right to partition the property *without the consent of the respondent.*

[3]   Petitioner further argues that the provisions regarding sale upon mutual consent is void as being an unreasonable restraint on alienation and, therefore, against public policy. In *Properties, Inc. v. Cox, supra,* the Supreme Court addressed a similar attack upon

a separation agreement and upheld the agreement not to partition during the lifetime of the wife. The Court noted that "[w]hile it is the general rule that a tenant in common may have partition as a matter of right, it is equally well established that a cotenant may, either by an express or implied contract, waive his right to partition for a *reasonable time.* 268 N.C. at 19, 149 S.E. 2d at 557 (emphasis added). From a separation agreement providing for the wife's exclusive use of the property during her lifetime, the court implied a waiver of the right to partition during her life. From this holding it is clear that an agreement providing for the wife's continued possession of property for her life is valid and not subject to attack as an unreasonable restraint on alienation. In this case, the longest possible amount of time during which this property could remain in the wife's possession without agreement to sell is for her life. Under the rule of *Properties* this does not constitute an unreasonable restraint on alienation, and the provision at issue is enforceable.

We note that courts in other jurisdictions have denied partition where an agreement not to sell common property without the consent of the other cotenants exists. Annot., 37 A.L.R. 3d 1009 (1981). In *Rosenberg v. Rosenberg,* 413 Ill. 343, 108 N.E. 2d 766 (1952), the court upheld the validity of an agreement not to sell except by joint consent of the parties. Even though the agreement contained no time limit for performance, the court found it valid since the period of restraint could exist only as long as the parties were alive.

[4] Petitioner raises one final argument regarding the enforceability of the agreement not addressed by the cases previously cited. Petitioner contends that Section 2 of the separation agreement is unenforceable due to lack of consideration. We do not agree.

Mutual promises contained within a separation agreement constitute adequate consideration. *Tripp v. Tripp,* 266 N.C. 378, 146 S.E. 2d 507 (1966). Pursuant to the agreement under discussion respondent relinquished her claims for alimony and support and released her rights in her husband's estate and property in exchange for some household furnishings and the possession of the house. We find these mutual promises to be the sort contemplated by *Tripp* and serve as adequate consideration for this

McDowell v. McDowell

separation agreement. We therefore conclude that the parties' separation agreement constituted a valid waiver of the right to partition.

Having concluded that the implied waiver of the right to partition in the parties' separation agreement is enforceable, we must now address petitioner's remaining argument. Petitioner submits that there is an ambiguity in the first paragraph of Section 2 of the separation agreement, regarding the period of respondent's possession of the property, which presents a genuine and material issue of fact. We have carefully examined both paragraphs of Section 2 and find no ambiguity. When Section 2 is read as a whole, it is clear that the respondent was to have exclusive possession and control over the property, as well as the option to rent it, until the youngest child completed her college education and obtained suitable employment. During that time, petitioner was to pay the entire monthly mortgage indebtedness. After the child finished college, the petitioner was to pay only one-half of the monthly mortgage indebtedness, and the respondent was to retain exclusive possession and control, as well as the option to rent, until both parties mutually agreed to sell the property. We believe the language of the agreement evidences a clear and unambiguous intent by the parties not to sell the property in the absence of a mutual agreement. Where the language of a contract is clear and unambiguous, the meaning and effect of the contract is a question for the court, not the jury, to decide. *Bank v. Corbett,* 271 N.C. 444, 156 S.E. 2d 835 (1967).

In his brief petitioner points out that the respondent could keep Richard L. McDowell from selling the property for the rest of his natural life "without agreement, without cause, without reason, or out of pure vindictiveness." We are not unaware of the plight petitioner finds himself in as a result of the terms of the separation agreement. However, as courts do not make contracts, we are not permitted to inquire into whether the contract was good or bad, wise or foolish. *See Knutton v. Cofield,* 273 N.C. 355, 160 S.E. 2d 29 (1968). As a man consents to bind himself, so shall he be bound.

The court properly awarded summary judgment for respondent.

Affirmed.

Judges HEDRICK and EAGLES concur.