**DIGGS v. DIGGS**

[116 N.C. App. 95 (1994)]

BRENDA DIGGS v. ARTHUR DIGGS

No. 935SC124

(Filed 16 August 1994)

1. **Partition § 36 (NCI4th)— equitable distribution proceeding barred by separation agreement—partition proceeding—jurisdiction of superior court**

Where the parties' separation agreement, incorporated into their divorce decree, barred an equitable distribution proceeding, the superior court had jurisdiction to partition property included in the separation agreement, and there was no merit to respondent's contention that the district court had exclusive jurisdiction to enforce separation agreements.

**Am Jur 2d, Partition § 102.**

2. **Divorce and Separation § 19 (NCI4th)— tenants in common—right to partition waived by separation agreement—time limit on waiver implied**

Petitioner waived her right to partition a house owned by petitioner and respondent as tenants in common and occupied by respondent where the parties entered into a separation agreement which provided that respondent would remain in the house and be responsible for making mortgage payments; respondent met the only condition on his right to occupy the house by making all the required payments; and the silence of the agreement as to a time limitation for the waiver did not make such waiver ineffective, as respondent's lifetime implicitly limited the duration of the waiver of the right to partition.

**Am Jur 2d, Divorce and Separation §§ 838 et seq.**

Appeal by respondent from judgment entered 15 September 1992 by Judge George K. Butterfield in New Hanover County Superior Court. Heard in the Court of Appeals 9 December 1993.

Petitioner filed a petition against her ex-husband for partition of a house owned by petitioner and respondent as tenants in common and occupied by respondent. Respondent answered and moved, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (1990), to dismiss the petition for lack of subject matter jurisdiction. The Clerk of New Hanover County Superior Court granted the motion to dismiss and

DIGGS v. DIGGS

[116 N.C. App. 95 (1994)]

petitioner appealed to the Superior Court. Respondent again moved to dismiss the petition for lack of subject matter jurisdiction. The superior court heard arguments, denied respondent's motion to dismiss, and granted summary judgment in petitioner's favor. From this order, respondent appeals.

*Pennington & Wicks, by Ralph S. Pennington and Ellen Arnold Kiernan, for respondent-appellant.*

*Smith & Smith, by W.G. Smith and Walter M. Smith, for petitioner-appellee.*

McCRODDEN, Judge.

We face two questions in this case: I. If a separation agreement, incorporated into a divorce decree, bars an equitable distribution proceeding, does the superior court have jurisdiction to partition property included in the separation agreement? II. Assuming the answer to I is affirmative, did the petitioner waive her right to partition by entering into the agreement?

The facts are as follows. Petitioner and respondent were married on 26 March 1971. During the course of the marriage, they acquired the house in question, taking title as tenants by the entirety. Subsequently, petitioner and respondent separated and, on 5 March 1990, entered into a separation agreement (the Agreement) which provided that the respondent:

> [S]hall continue to occupy the marital residence, located at 10 Ballard Drive, Prince George Estates, Castle Hayne, North Carolina. [Respondent] shall be responsible for making the mortgage payment while living in the marital home. Should this property be placed on the market for sale [respondent] and [petitioner] shall divide equally any proceeds from the sale.

On 19 March 1991, petitioner filed a complaint for absolute divorce, requesting that the Agreement be incorporated into the divorce decree and that the court exercise its jurisdiction and hold an equitable distribution proceeding at a later date. Respondent answered and moved for summary judgment on petitioner's claim for equitable distribution. Following a hearing on 9 August 1991, District Court Judge Jacqueline Morris-Goodson granted respondent's motion for summary judgment on the equitable distribution claim, dismissed that claim, and entered a judgment of absolute divorce, incorporating the Agreement.

**DIGGS v. DIGGS**

[116 N.C. App. 95 (1994)]

Petitioner appealed the dismissal of her equitable distribution action to this Court. This Court held that the Agreement "reveals the parties' desire for a full and final disposition of their marital property which is binding on the Court," and affirmed the entry of summary judgment in respondent's favor. *Diggs v. Diggs*, 106 N.C. App. 394, 417 S.E.2d 854 (1992) (unpublished).

On 16 June 1992, petitioner filed a petition to partition the parties' marital home with the New Hanover County Clerk of Superior Court. Respondent filed his answer on 29 June 1992, and on 2 July 1992, filed a motion to dismiss, alleging that the superior court lacked subject matter jurisdiction to partition the property and that the Agreement precluded partition of the property. The clerk entered an order on 4 August 1992, denying respondent's motion to dismiss for lack of subject matter jurisdiction but also denying petitioner's petition, on the ground that petitioner had waived her right to partition in the Agreement. Petitioner appealed to the superior court.

The superior court judge held a hearing in the matter on 24 August 1992. On its own motion, the court converted the hearing to one on a motion for summary judgment. After arguments and evidence, the court denied respondent's motion to dismiss for lack of subject matter jurisdiction, found that the Agreement was not effective to waive petitioner's right to partition because it contained no limit on the time within which the waiver was to be effective, and granted summary judgment on petitioner's petition for partition.

---

I.

[1] Respondent argues that the superior court lacked subject matter jurisdiction to hold the partition proceeding because the district court has exclusive jurisdiction to enforce separation agreements. We disagree.

"A valid separation agreement that waives rights to equitable distribution will be honored by the courts and will be binding upon the parties." *Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987). "[I]n the absence of an equitable distribution of entireties property under N.C.G.S. § 50-20, an ex-spouse (now tenant in common) retains the right to possession and the right to alienate and may bring an action for waste, ejectment, accounting, or partition." *Id.* at 292, 354 S.E.2d at 233. In *Hagler*, the plaintiff-husband was granted summary judgment on the defendant-wife's request for an equitable distribution. The Supreme Court upheld the entry of summary judg-

ment on the ground that a separation agreement signed by the parties evinced an intention to make a complete disposition of their respective property rights and barred a subsequent claim for equitable distribution.

In the prior appeal of this case, this Court held that the Agreement precluded petitioner from having a proceeding for equitable distribution. This is the law of the case. *See N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 566, 299 S.E.2d 629, 631 (1983). Nonetheless, under *Hagler*, petitioner would be entitled to bring an action for partition of the house that she owns as a tenant in common with respondent. A co-tenant may only obtain partition "by petition to the superior court." N.C. Gen. Stat. § 46-3 (Supp. 1993).

Respondent counters by citing the case *Garrison v. Garrison*, 90 N.C. App. 670, 369 S.E.2d 628 (1988), for the proposition that the superior court has no authority to partition marital property once the jurisdiction of the district court has been invoked by a request for equitable distribution. *Garrison*, however, is distinguishable.

In *Garrison*, the respondent-wife requested an equitable distribution in her answer to her husband's complaint for divorce. The trial court entered a judgment of divorce but left the equitable distribution proceeding pending. Subsequently, the petitioner-husband sought partition of the marital home. This Court held:

> The superior court has no authority to partition marital property pursuant to the provisions of G.S. 46-1 *et seq.* where, as here, the jurisdiction of the district court has been properly invoked to equitably distribute such marital property. *Had the parties not asserted their right to have the property equitably distributed pursuant to G.S. 50-20, either tenant in common could have filed a special proceeding to have the property partitioned as provided by G.S. 46-1 et seq.*

*Id.* at 672, 369 S.E.2d at 629 (emphasis added). In the instant case, petitioner tried but failed to invoke the jurisdiction of the district court for equitable distribution of the parties' marital property. Therefore, under *Hagler* and *Garrison*, the superior court had subject matter jurisdiction to hear the proceeding for the partition of the subject property. We reject respondent's first assignments of error.

## II.

[2] Respondent next argues that the trial court erred in granting summary judgment in petitioner's favor because she had waived her

right to partition by entering into the Agreement. We find that the Agreement was effective to waive the parties' right to partition.

Upon divorce, former tenants by the entireties become tenants in common, *Hagler* 319 N.C. at 292, 354 S.E.2d at 233, and are entitled to partition as a matter of right. *Coats v. Williams*, 261 N.C. 692, 695, 136 S.E.2d 113, 115 (1964). However, a cotenant may, by express or implied agreement, waive this right for a reasonable time. *Properties, Inc. v. Cox*, 268 N.C. 14, 19, 149 S.E.2d 553, 557 (1966). A separation agreement may contain such a waiver. *Hepler v. Burnham*, 24 N.C. App. 362, 210 S.E.2d 509 (1975).

In *Winborne v. Winborne*, 54 N.C. App. 189, 282 S.E.2d 487 (1981), this Court, relying on *Hepler*, found that the parties to a separation agreement had implicitly waived their right to a partition. The separation agreement in that case provided that "[t]he parties own a home as 'tenants by the entirety,' in which husband will continue to live and make payments." *Winborne*, 54 N.C. App. at 189, 282 S.E.2d at 488. The Court found that this agreement was indistinguishable from the one considered in *Hepler*, in that "the gravamen of the separation agreement as to the disposition of the entirety property is that the respondent will be allowed to live in the house so long as he or she meets certain conditions." *Id.* at 190, 282 S.E.2d at 488. The only condition of the *Winborne* respondent's right to occupy the house was that he continue to make payments on the house.

Insofar as the property held in tenancy in common is concerned, the language of the Agreement in this case is strikingly similar to the agreement in *Winborne*. Here the Agreement gives respondent the right to occupy the house and requires that he make payments on the house. As in *Winborne*, there is no dispute that respondent has met the only condition on his right to occupy the house, *i.e.* he has made all the required payments on the house. We believe that *Winborne* controls our decision concerning petitioner's waiver of equitable distribution rights.

The final question we address is whether, as the trial court found, the silence of the agreement as to a time limitation for the waiver made such waiver ineffective. In *McDowell v. McDowell*, 61 N.C. App. 700, 301 S.E.2d 729 (1983), this Court considered a separation agreement which contained no explicit limit on the time within which the right to partition had to be exercised. We found that the length of the respondent's life implicitly limited the time, found that "an agreement providing for the wife's continued possession of property for her life

is valid and not subject to attack as an unreasonable restraint on alienation," and concluded, therefore, that the provision was enforceable. *Id.* at 704, 301 S.E.2d at 731.

In this case, the respondent's right to occupy the house can last no longer than his lifetime, thus implicitly limiting the duration of the waiver of the right to partition. The Agreement did not unreasonably limit the petitioner's right to partition and was effective to waive that right. Hence, the trial court erred in not dismissing the petition to partition. We vacate its judgment.

Vacated.

Judges JOHNSON and MARTIN concur.